2005 ME 59

**Rose BONIN O/B/O Adam Marchand**

v.

**Roger CREPEAU.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Feb. 3, 2005.

Decided: May 19, 2005.

Randall E. Smith, Esq., Aaron P. Burns, Esq., Smith Elliott Smith & Garmey, P.A., Saco, for plaintiff.

Christopher C. Dinan, Esq., Zachary I. Greenfield, Esq., Monaghan Leahy, LLP, Portland, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Rose Bonin, on behalf of her minor son Adam Marchand, appeals from a summary judgment entered in the Superior Court (York County, *Brennan, J.*) in favor of Roger Crepeau. Bonin contends that there are questions of material fact as to whether Crepeau may be found negligent for supplying dangerous machinery to a minor. Because we agree, we vacate the judgment.

## I. BACKGROUND

[¶ 2] The following facts are not in dispute. On October 19, 2001, three days before his twelfth birthday, Adam accompanied Crepeau, Crepeau's girlfriend, Annette McKey, and McKey's son Damien Tillman to a camp in Jackman where Adam was injured while driving Crepeau's all-terrain vehicle (ATV).

[¶ 3] On the ride to Jackman, Crepeau and McKey suggested that Adam could ride the ATV if he had his parents' permission. Adam stated that his parents probably would not mind. Neither Crepeau nor McKey told Adam that he had to ride the ATV, and there was no further communication between them on the subject.

[¶ 4] At some point after arriving, Damien enticed Adam to ride the ATV by offering him a Terrell Davis football card.[1] Adam and Damien went outside and Damien started riding the ATV. Crepeau watched Damien ride around for five minutes before leaving the boys and going indoors. Subsequently, Damien drove Adam around. Later, Adam started driving the ATV on his own. He had no experience riding dirt bikes or ATV's, he had no idea how to operate the ATV, and no one instructed him on its operation. He was a little worried that the ATV might be dangerous because he had previously fallen off a snowmobile. Once riding, though, he lost his fear.

[¶ 5] Eventually, while riding on his own, Adam crashed the ATV and injured himself. Both Adam and Damien had been riding unsupervised for at least forty minutes. Although there was a helmet available, neither Damien nor Adam chose to wear it; it was too big and they thought it would blow off. Crepeau never suggested that they should wear a helmet.

[¶ 6] Bonin filed a complaint contending that Crepeau was negligent in supervising Adam. The court granted Crepeau's motion for a summary judgment on the ground that there was no genuine issue as to any material fact and Crepeau was entitled to judgment as a matter of law. The court found that, pursuant to section 388 of the RESTATEMENT (SECOND) OF TORTS (1965), Crepeau could not be liable for Adam's injuries because he did not supply Adam with the vehicle, and Adam was aware of the danger associated with

---

1. The parties dispute whether Adam agreed to ride on his own or as a passenger.

ATV use. Bonin filed a motion for reconsideration, which the court denied, and this appeal followed.

## II. DISCUSSION

[¶ 7] "We review a summary judgment de novo, viewing the evidence in the light most favorable to the party against whom judgment has been granted to decide whether the parties' statements of material facts and the referenced record material reveal a genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law." *Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶ 8, 824 A.2d 48, 52 (quotation marks omitted). "A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179 (citing *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575).

[¶ 8] "To survive a defendant's motion for a summary judgment, the plaintiff must establish a prima facie case for each element of her cause of action." *Doyle*, 2003 ME 61, ¶ 9, 824 A.2d at 52 (citing *MC Assocs. v. Town of Cape Elizabeth*, 2001 ME 89, ¶ 7, 773 A.2d 439, 442). "If the plaintiff presents insufficient evidence on an essential element in her cause of action, such that 'the defendant would . . . be entitled to judgment as a matter of law on that state of the evidence at a trial, the defendant is entitled to a summary judgment.'" *Doyle*, 2003 ME 61, ¶ 9, 824 A.2d at 52 (quoting *Johnson v. Carleton*, 2001 ME 12, ¶ 11, 765 A.2d 571, 575).

[¶ 9] A prima facie case of negligence requires a plaintiff to establish that a duty of care is owed, there was a breach of that duty, and that an injury to the plaintiff occurred that was proximately caused by the breach of duty. *Stanton v. Univ. of Maine Sys.*, 2001 ME 96, ¶ 7, 773 A.2d 1045, 1049. "The determination of whether a duty exists is a question of law that we review de novo." *Radley v. Fish*, 2004 ME 87, ¶ 6, 856 A.2d 1196, 1198–99 (citing *Parrish v. Wright*, 2003 ME 90, ¶ 18, 828 A.2d 778, 783).

[¶ 10] Bonin contends that Crepeau owed Adam a duty pursuant to section 388 of the RESTATEMENT (SECOND) OF TORTS. That section provides:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
>
> (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
>
> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
>
> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

RESTATEMENT (SECOND) OF TORTS § 388.

[¶ 11] Bonin contends that, viewed in the light most favorable to Adam, there are facts in dispute regarding two elements of her claim pursuant to section 388 of the RESTATEMENT (SECOND) OF TORTS. She argues that Crepeau supplied dangerous equipment to Adam, and that Crepeau had no reason to believe that Adam would realize that the ATV was dangerous. Even if Adam knew the ATV

could crash, Bonin contends that Adam could not appreciate the danger involved.

[¶ 12] Crepeau argues that there is no evidence that he explicitly gave Adam permission to ride the ATV, and therefore he did not supply it. He also argues that the record supports the conclusion that Adam knew the ATV was dangerous.[2]

### 1. Whether Crepeau Supplied the ATV

■ [¶ 13] Viewed in the light most favorable to Adam, a fact-finder could find that Crepeau supplied the ATV to Adam. Crepeau watched Damien ride the ATV for five minutes. He then went inside, leaving both Adam and Damien unsupervised for at least forty minutes with the ATV. Given Adam's age and the fact that he did not forbid Adam from riding it, a fact-finder could conclude that Crepeau should have expected Adam to ride the ATV. *See* RESTATEMENT (SECOND) OF TORTS § 388 cmt. a.[3]

[¶ 14] Furthermore, although the parties dispute exactly what was said in the car on the drive to Jackman, Adam's deposition, which is the only record evidence on the matter, expresses his understanding that he had permission to ride the ATV if his parents would not mind.[4] Viewed in the light most favorable to Adam, a fact-finder could find that Crepeau gave Adam permission to ride the ATV. *See* RESTATEMENT (SECOND) OF TORTS § 388 cmt. c.[5]

### 2. Whether Crepeau Had Reason to Believe That Adam Would Realize the ATV's Dangerous Condition

■ [¶ 15] Although the danger of operating an ATV may be obvious to an adult, and even though Adam may have understood that he could crash the ATV, we cannot say that Crepeau would have reason to know that Adam fully appreciated the risk involved. Adam was only eleven years old. *See Dickinson v. Clark,* 2001 ME 49, ¶ 9, 767 A.2d 303, 306 (holding, pursuant to section 388 of the RESTATEMENT (SECOND) OF TORTS, that the dangers of loading a log-splitter were not obvious to a sixteen-year-old). Viewed in the light most favorable to Adam, a fact-finder could find that Crepeau would have reason to believe that Adam did not appreciate the ATV's dangerousness.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.

2. Crepeau also contends that Bonin failed to preserve the argument that Adam could not appreciate the danger associated with riding the ATV. Contrary to his contention, Bonin raised this argument in her response to Crepeau's statement of material facts.

3. Comment a provides:
   The words "those whom the supplier should expect to use the chattel" and the words "a person for whose use it is supplied" include not only the person to whom the chattel is turned over by the supplier, but also all those who are members of a class whom the supplier should expect to use it . . . .

RESTATEMENT (SECOND) OF TORTS § 388 cmt. a (1965).

4. Adam testified: "When we were on the turnpike they said that if it's all right with your parents, if your parents might have said all right, then you can ride on it. I said, yeah, probably they wouldn't mind."

5. Comment c provides that a supplier is "any person who for any purpose or in any manner gives possession of a chattel for another's use, or who permits another to use or occupy it while it is in his own possession or control . . . ." RESTATEMENT (SECOND) OF TORTS § 388 cmt. c.