SILVER, J.,
with whom JABAR, J., joins,
concurring.
[¶ 27] I concur in the Court’s opinion, and commend the Court for reiterating that determinations of weight or credibility *16 are inappropriate at the summary judgment stage. As we have recognized, courts must be especially wary in employment discrimination cases, where issues of motive and intent are present and often turn on circumstantial evidence from which reasonable jurors could draw competing, plausible inferences. See Daniels v. Narraguagus Bay Health Care Facility, 2012 ME 80, ¶ 15, 45 A.3d 722; Cookson v. Brewer Sch. Dep’t, 2009 ME 57, ¶¶ 21-23, 974 A.2d 276.
[¶ 28] I write separately to reaffirm my position that we should not apply the three-step, burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to discrimination claims at the summary judgment stage. See Daniels, 2012 ME 80, ¶¶ 29-36, 45 A.3d 722 (Silver, J., concurring). As I wrote in Daniels, the McDonnell analysis is merely a procedural device that “does nothing more than organize the record to determine whether the plaintiff has offered evidence of causation between the employer’s adverse action and the employee’s [protected status or activity], and whether the defendant has offered evidence to put that issue into dispute.” Id. ¶¶ 32, 35. When applied at the summary judgment stage, however, it unnecessarily complicates the courts’ already difficult task by breaking down the third element of an employment discrimination claim — causation — into “its own three-prong showing that volleys the burden of production between the two parties.” Id. ¶¶ 30, 32, 34-35. This rigid and artificial trifurcation of the causation analysis “confuses rather than clarifies the ultimate issue in employment discrimination cases: whether there is evidence of discrimination.” Id. ¶29. Continued application of the McDonnell analysis in this context risks clouding the very point the Court so forcefully emphasizes today: that summary judgment in employment discrimination matters is appropriate only if, looking at the record in the light most favorable to the plaintiff and drawing all reasonable inferences in her favor, no reasonable juror could conclude that the plaintiff proved her claim of discrimination. See Cookson, 2009 ME 57, ¶¶ 11, 23, 974 A.2d 276.
[¶ 29] For these reasons, I would not apply the McDonnell analysis to motions for summary judgment in discrimination cases. Instead, I would engage in the inquiry our Rules of Civil Procedure demand: whether there is a genuine issue of material fact, and whether the undisputed material facts establish a prima facie cause of action. See M.R. Civ. P. 56(c); Bonin v. Crepeau, 2005 ME 59, ¶ 8, 873 A.2d 346 (“To survive a defendant’s motion for a summary judgment, the plaintiff must establish a prima facie case for each element of her cause of action.” (quotation marks omitted)). Applying that more straightforward analysis in this case makes clear that summary judgment is inappropriate, as the record gives rise to competing inferences as to the existence of a causal link between Trott’s protected activity and her discharge. Trott need not “convince the court on summary judgment that she was subjected to an adverse employment decision because of her protected [activity], or even that her version of events is more plausible.” Fuhrmann v. Staples the Office Superstore E., Inc., 2012 ME 135, ¶ 21, 58 A.3d 1083 (quoting Cookson, 2009 ME 57, ¶ 23, 974 A.2d 276). Rather, “[s]he need only present sufficient evidence to raise an issue of fact regarding whether her [protected activity] was a substantial, even though perhaps not the only, factor motivating [her] dismissal.” Id. (third alteration in original) (quotation marks omitted). Stripping away the unnecessary convolutions of the McDonnell analysis, Trott *17 has sustained her burden pursuant to Rule 56.