STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-12-313
MMM KEN- 3/18/2014

TOWN OF WINTHROP,
    Plaintiff,

v.

**ORDER ON MOTION
FOR SUMMARY
JUDGMENT**

BAILEY BROTHERS, INC.,
    Defendant.

Before the Court is Defendant's Motion for Summary Judgment seeking a judgment in its

favor in the lawsuit filed by the Town of Winthrop (the "Town") alleging that Defendant, Bailey

Brothers, Inc. ("Bailey Brothers"), is liable for the loss of the 2012 Ford 550 truck (the "Truck")

Plaintiff purchased from Bailey Brothers on July 18, 2011 and Plaintiff's Cross-Motion for

Summary Judgment. Plaintiff's complaint alleged breach of contract, breach of warranties, strict

liability under 14 M.R.S.A. § 221, common law negligence, and *res ipsa loquitor*. Defendant

purports that it is entitled to summary judgment because Plaintiff has failed to produce any

evidence to support its claim that the destruction of the Truck was caused by a defect that existed

at the time Bailey Brothers sold the Truck to the Town.

### STATEMENT OF FACTS

On July 18, 2011, the Town purchased the Truck from Bailey Brothers to be

subsequently converted into a snowplow by H.P. Fairfield.[1] (Def.'s S.M.F. ¶ 4.) The Truck

included only a cab and chassis. (Pl.'s S.M.F. ¶ 1.) The contract of sale included a factory

---

[1] The original complaint named H.P. Fairfield as a Defendant, however, all claims against it were
dismissed on August 16, 2013, as a result of the settlement agreement entered into by Plaintiff and H.P.
Fairfield.

1

warranty plan for three years "bumper to bumper" and an Extended Service Plan that extended the factory warranty to six years and "mimic[ed] the factory warranty so that basically everything [was] covered on the truck other than maintenance." (Pl.'s S.M.F. ¶ 6.)

Prior to November 8, 2011 (when the Truck was delivered to H.P. Fairfield), the Truck underwent and passed a road test and state inspection, both of which were conducted by Bailey Brothers. (Def.'s S.M.F. ¶ 7-9.) As part of the inspection, Bailey Brothers generated a "Pre-Delivery Service Record" (the "PDI"), a checklist that a Bailey Brothers' technician filled out after examining all of the components of the Truck, including, but not limited to fluid levels, engine oil levels, etc.[2] (Bush Aff. Ex. A at 51-53.)

H.P. Fairfield spent two months and 166 hours rebuilding the Truck into a snowplow and road maintenance vehicle. (Def.'s S.M.F. ¶ 12.) The parts and labor were quoted to cost $41,980.00. (Def.'s S.M.F. ¶ 6.) The work on the Truck included extensive mechanical, electrical, and hydraulic alterations consisting of the installation of a snowplow, wing, plow headgear, and sander body. (Def.'s S.M.F. ¶ 5, 12.) During the course of work performed at H.P. Fairfield, several problems arose, including a problem with the installation of the wing: on January 14, 2012, H.P. Fairfield noticed that the engine of the Truck would not stay running and the battery light had turned on. (Def.'s S.M.F. ¶ 14.) On January 16, 2012, H.P. Fairfield brought the Truck to the local Ford dealer, Hight Ford, for repair.[3] (Def.'s S.M.F. ¶ 16.) Hight Ford determined that the circuit had experienced an electrical draw greater than the rated fusible link protecting the circuit and replaced the fusible link between the alternator and the battery what restored the charge of the electrical system during operation of the engine. (Def.'s S.M.F. ¶ 17.)

---

[2] Because the PDI checklist is generally deposited into the glove box of the vehicle being inspected and prepped, the PDI prepared for the Truck was lost in the fire.

[3] The original complaint named Hight Ford as a Defendant, however, all claims against it were dismissed on August 16, 2013, as a result of the settlement agreement entered into by Plaintiff and Hight Ford.

On January 19, 2012, an employee of the Town of Winthrop picked up the Truck from Hight Ford and drove it approximately 47 miles back to Winthrop. (Def.'s S.M.F. ¶ 18.) During the drive back to Winthrop, the employee noticed that the check engine light was illuminated, thus, he called Bailey Brothers to inquire about the issue. (Def.'s S.M.F. ¶ 19-20.) Brenda Brochu, the owner of Bailey Brothers, advised him that the "general guide is that if a check engine light is solid where it's monitoring your emission systems, you're fine. If it is flashing, you're to have the Truck towed in or checked immediately." (Pl.'s S.M.F. ¶ 10.) Ms. Brochu asked the employee if he wanted to stop by and have the light checked, but he said no because a storm was coming. (Def.'s S.M.F. ¶ 21.)

The next morning the Truck was used for plowing. (Def.'s S.M.F. ¶ 23.) After fifteen minutes of plowing, the cab of the Truck began to fill with smoke. (Def.'s S.M.F. ¶ 24.) The employee shut off the engine, but the truck engulfed in flames. (Def.'s S.M.F. ¶ 25.) The driver of the Truck was uninjured, but the truck and plowing accessories were burned so that they were determined to be a total loss. (Def.'s S.M.F. ¶ 25.) The Plaintiff's expert, Thomas A. Bush, was unable to conclude what caused the fire to any degree of scientific certainty and whether a failure existed due to: 1) installation of components by H.P. Fairfield; 2) installation of components by Hight Ford; or 3) original equipment manufacturer components. (Def.'s S.M.F. ¶ 26.)

## STANDARD OF REVIEW

Summary judgment is appropriate when the Court's review of the parties' statements of material fact and cited record evidence indicates that there are no genuine issues of disputed material fact, and that the moving party is entitled to judgment as a matter of law. *See Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821 (citation omitted). Courts consider such evidence in the light most favorable to the non-moving party. *See Beal v. Allstate Ins. Co.*, 2010

3

ME 20, ¶ 11, 989 A.2d 733. But "[t]o survive a defendant's motion for a summary judgment, the plaintiff must establish a prima facie case for each element of her cause of action." *Bonin v. Crepeau*, 2005 ME 59, 873 A.2d 346, 348 (quoting *Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶ 9, 824 A.2d 48).

A fact is material if it has the potential to impact the outcome of the case. *See Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778 (citation omitted). An issue of fact is genuine when "sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Id.*

## DISCUSSION

### *Torts Claims*

Bailey Brothers argues that Plaintiff's torts claims—negligence, strict liability, and *res ipsa loquitor*—are barred by the economic loss doctrine. Courts in Maine, generally, follow the economic loss doctrine, which does not permit recovery for a defective product's damage to itself if the complaint is based on torts theories of liability. *Oceanside at Pine Point Condo. Owners Ass'n v. Peachtree Doors, Inc.*, 659 A.2d 267, 270 (Me. 1995) (citations omitted); *McLaughlin v. Denharco, Inc.*, 129 F. Supp. 2d 32, 36 (D. Me. 2001) ("The economic loss rule applies to strict liability and negligence claims based on a defective product."). Further support for the proposition that the doctrine is applicable to claims of strict liability can be found in the language of 14 M.R.S.A. § 221. It mandates that Plaintiff allege physical injury for strict liability to be imposed and, in relevant part, it provides as follows:

> One who sells any goods or products in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability *for physical harm thereby caused* to a person whom the manufacturer, seller or supplier might reasonably have expected to use, consume or be affected by the goods, or to his property, if the seller is engaged in the business of selling such a

4

product and it is expected to and does reach the user or consumer without significant change in the condition in which it is sold.

14 M.R.S.A. § 221 (emphasis added).

Maine Courts have nevertheless permitted recovery under tort theories for physical damage to property other than the defective product, even in the absence of physical injury. *Oceanside at Pine Point Condo. Owners Ass'n v. Peachtree Doors, Inc.*, 659 A.2d 267, 270 (Me. 1995) (citing *Walker v. General Elec. Co.*, 968 F.2d 116 (1st Cir.1992) (allowing plaintiff to pursue her strict liability claim seeking damages for fire-destroyed residence caused by an alleged toaster malfunction)). In determining whether the product has injured only itself, the Courts have looked to the product purchased by the plaintiff, as opposed to the product sold by the defendant. *Oceanside at Pine Point Condo. Owners Ass'n.*, 659 A.2d at 271 (citing *Easling v. Glen–Gery Corp.*, 804 F.Supp. 585, 590 (D.N.J.1992) (no recovery permitted under strict liability theory for building damage caused by defective bricks because plaintiffs purchased completed apartment complex and not a load of bricks); *Casa Clara Condominium Ass'n, Inc. v. Charley Toppino & Sons, Inc.*, 620 So.2d 1244, 1247 (Fla.1993) (rejecting homeowners' argument that damages caused to a condominium by defective concrete was damage to other property because plaintiffs purchased finished homes, not component parts)).

To recover damages for loss of property other than the defective product, a plaintiff must show, however, that the damage to such property was indeed caused by the defective product. For example, in *Walker v. General Elec. Co.*, where the plaintiff was seeking to recover damages for the loss of her house, both the fire marshal and the fire investigator testified that the allegedly defective toaster oven was the source of ignition for the fire that burned down the house. 968 F.2d at 117-18.

5

In the present matter, no personal injury is alleged. The Town is seeking to recover damages for the loss of the entire Truck. The cabin and the chassis is what Plaintiff purchased from Baily Brothers. Thus, at most Plaintiff can seek recovery for the parts installed by H.P. Fairfield. But for Plaintiff's tort claims to survive, in addition to proving that the cabin and the chassis were defective at the time of the purchase, the Town also has to prove that the cabin and the chassis caused the fire, which resulted in destruction of the parts installed by H.P. Fairfield. However, the only evidence in the Summary Judgment record is from the Plaintiff's expert, Thomas A. Bush, who could not say what caused the fire to any degree of scientific certainty. More specifically, he could not say whether the cause stemmed from installation of components by H.P. Fairfield or by Hight Ford, or whether original manufacturer equipment or components failed. (Def.' S.M.F. ¶26).

Moreover, Plaintiff's allegations of *res ipsa loquitor* fail because under Maine law, the doctrine requires that the instrumentality causing the injury be under the exclusive control of the defendant. *See J. & Jay, Inc. v. E. Perry Iron & Metal Co.*, 161 Me. 229, 235, 210 A.2d 462, 465 (Me. 1965). In this case, the Truck left Bailey Bothers' exclusive control on November 8, 2011, when it was delivered by Bailey Brothers' runners to H.P. Fairfield, where it underwent extensive mechanical, electrical, and hydraulic alterations.

In light of the foregoing, Plaintiff's claims of negligence, strict liability, and *res ipsa loquitor* are hereby dismissed.

### Contract-based Claims

The Town's Complaint contains the following contract-based claims: breach of contract, breach of express warranties, and breach of implied warranty of fitness for particular purpose. *See* 11 M.R.S.A. § 2-315, 11 M.R.S.A. § 2-313. For a buyer's claim of breach of warranties or

breach of contract to survive a motion for summary judgment, the buyer has to establish a breach with respect to the goods accepted in the sale. 11 M.R.S.A. § 2-607(4). *See also Walker v. Gen. Elec. Co.*, 968 F.2d 116, 119 (1st Cir. 1992) ("[P]laintiff must show some defect in the product at the time it was sold in order to maintain a claim for breach of the implied warranties of merchantability and fitness for particular purpose."); *Sullivan v. Young Bros. & Co. Inc.*, 893 F. Supp. 1148, 1159 (D. Me. 1995) *aff'd in part, rev'd in part,* 91 F.3d 242 (1st Cir. 1996) (to establish a breach of express warranties, a plaintiff has the burden to establish the following: 1) seller made statements or representations amounting to express warranties concerning the quality and fitness of the product; 2) these express warranties were part of the bargain; 3) the product sold did not possess the quality and fitness to the extent warranted by seller; and 4) the breach of express warranty was the cause of the damages to the buyer).

In support of its argument that the Truck was defective when it left Bailey Brothers' control, the Town states the following. First, according to the Town's expert, Thomas A. Bush, Bailey Brothers' inspection sticker was issued in spite of at least five violations of the Maine statutes. (Bush Aff. ¶ 13-14.) Specifically, the following statutes were violated: under 29-A M.R.S.A. § 1953, a truck must be equipped with suitable guards that will effectively reduce the spray or splash of mud, water, or slush caused by rear wheels; under 29-A M.R.S.A. § 1954, a truck's dump body must be equipped with a positive means of support, permanently attached and capable of being locked in position to prevent lowering of the body while being maintained, inspected or repaired or while the truck is unattended. Second, Plaintiff speculates that proof of defects could have been found in the PDI, which was destroyed by the fire.

Bailey Brothers asserts that at the time of the sale, the Truck had no defects in design or manufacturing. It points out that it underwent and passed a Maine State Inspection, including a

7

road test; it did not experience any problems while in the care and custody of Bailey Brothers; the Truck started experiencing problems only after H. P. Fairfield performed extensive mechanical, electrical, and hydraulic alterations.

But even if this Court found that the statutory violations cited by Plaintiff create an issue of material fact that would have to be resolved by a trier of fact, the defects must also be proven to be the cause of the damages the Town of Winthrop is seeking to recover. *See Maine Energy Recovery Co. v. United Steel Structures, Inc.*, 724 A.2d 1248, 1250 (Me.1999) (holding that the required elements of proof in a breach of contract action are "(1) breach of a material contract term; (2) *causation;* and (3) damages"); *Sullivan*, 893 F. Supp. at 1159 (holding defendant-manufacturer liable for breach of express and implied warranties because the sinking of the plaintiff's lobster boat was caused by a defect in tubing manufactured by the defendant).

Plaintiff cannot establish any causal link between the alleged defects at the time of the sale of the Truck, *i.e.*, absence of the splashguards and proper support for the dump body, and the fire that destroyed the Truck. As noted above with respect to the tort claims, the only evidence in the record on the issue of causation is the testimony of Plaintiff's expert, Thomas A. Bush, who was unable to determine what caused the fire to any degree of scientific certainty.

This inability to point to the cause of the fire also prevents the Plaintiff from relying upon its rather speculative assertion that proof of additional defects could have been found in the PDI, which was destroyed by the fire. To survive a motion for summary judgment, evidence offered by Plaintiff to establish a dispute as to material fact, "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating." *Estate of Smith v. Cumberland County*, 2013 ME 13, ¶ 19, 60 A.3d 759. What could have been found in the destroyed PDI is exactly the type of the "metaphysical doubt as to

8

the material facts" that should be disregarded when a motion for summary judgment is considered. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

### *Claim of Breach of Factory Warranty*

The contract of sale between Baily Brothers and the Town included a factory warranty plan for three years "bumper to bumper" and an Extended Service Plan that extended the factory warranty to six years and "mimic[ed] the factory warranty so that basically everything [was] covered on the truck other than maintenance." (Pl.'s S.M.F. ¶ 6.) Plaintiff argues that since it provides for "bumper to bumper" coverage, the Town is entitled to recover losses from the fire: "[s]ince everything is covered, there is no question that whatever caused the fire was warrantied under the contract and that the damages caused the warrantied part(s) of the Ford Truck are covered by the contract." (Pl.'s Reply to Mot. Summ. J. 3.)

However, the factory warranty did not intend to cover a loss of the vehicle; rather, it ensures that Bailey Brothers would repair certain parts of the Truck in case they malfunction or turn out to be defective. (Mot. Summ. J. Joint Ex. B.) Moreover, the Warranty Guide specifically excludes coverage of damage caused by: "alterations or modifications of the vehicle, including the body, chassis, or components, after the vehicle leaves control of Ford Motor Company," and "the installation or use of a non-Ford Motor Company part (other than a certified emissions part) or any part (Ford or non-Ford) designed for off-road use only installed after the vehicle leaves the control of Ford Motor Company, if the installed part fails or causes a Ford part to fail." (Mot. Summ. J. Joint Ex. A.) These exclusions prevent recovery by the Plaintiff under this theory of liability as well.

9

## *Claims of Spoliation of Evidence*

Finally, Plaintiff argues that the Court should enter summary judgment against Bailey Brothers for allegedly destroying evidence crucial in this matter—the PDI. Ford Motor Company requires Bailey Brothers to maintain copies of PDIs it generates. (Pl.'s S.M.F. ¶ 44.) Bailey Brothers has not produced a copy of the PDI generated for the Truck. According to Defendant, Ms. Brochu turned all the documents she had in relation to the Truck to her insurance company, but a copy of the PDI, if ever existed, cannot be found. (Bush Aff. Ex. A at 53, 89.)[4] The Plaintiff is requesting that the Court draw an unfavorable inference from this failure to produce a copy of the PDI that the truck was defective.

In the civil context, the Law Court has not addressed the issue of spoliation and the sanctions to be applied. *Morin v. Harley-Davidson Motor Co. Grp., LLC*, No. CV-11-73, 2013 Me. Super. LEXIS 174 (Me. Super. Aug. 6, 2013). However, the First Circuit Court of Appeals and the Federal District Court for the District of Maine have set forth a test to determine when, and to what extent, sanctions should be imposed on parties who make evidence unavailable. "The goals of the spoliation doctrine are to rectify any prejudice the non-offending party may have suffered as a result of the loss of evidence and to deter any future conduct, particularly deliberate conduct, leading to such loss of evidence." *Driggin v. Am. Sec. Alarm Co.*, 141 F. Supp. 2d 113, 120 (D. Me. 2000) (citing First Circuit case law). In deciding spoliation issues, courts consider "prejudice to the non-offending party and the degree of fault of the offending party." *Id.* Because of the remedial aim of the spoliation doctrine, the First Circuit weighs prejudice more heavily than the degree of fault factor. *Id.*

"Bad faith certainly is not required for a sanction to be appropriate." *Id.* at 123 (citing

---

[4] *See* transcript of Ms. Brochu's deposition: "Q. Do they keep a [PDI] in the file for the truck . . . A: Not usually."

*Trull v. Volkswagen of Am.,* 187 F.3d 88, 95 (1st Cir.1999); *Sacramona v.Bridgestone/Firestone, Inc.,* 106 F.3d 444, 447 (1st Cir.1997)). But a finding of some degree of fault, however—be it negligence, recklessness, or actual bad faith—certainly makes imposing a sanction more appropriate. *Id. See also Morin*, Me. Super. LEXIS 174 (holding that the level of fault was insufficient to impose sanctions for destruction of pants, which an ordinarily reasonable person should have understood to carry some evidentiary value, because there was no evidence of bad faith or other mal intent); *Jawdat v. Sanford Cox*, No. BATSC-CV-09-07, 2011 Me. Super. LEXIS 155 (Me. Super. June 7, 2011) (affirming the denial of a motion for sanctions because the defendants' violation of the protective order was not intentional).

Here, Plaintiff did not establish either that the Town was prejudiced by disappearance of the PDI or that Bailey Brothers is at fault to a sufficient degree. Even assuming that the PDI destroyed by the fire contained some evidence of defects, the Court is not persuaded that the PDI was the only source of this information. Nor is the Court persuaded that Ms. Brochu's level of fault justifies the sanction requested by the Town. Ms. Brochu's conduct may have been careless because she failed to comply with Ford Motor Company's requirement to maintain copies of PDIs Bailey Brothers generates, however, there is no evidence of bad faith or any other bad intent justifying sanctions.

For the foregoing reasons, the Court denies Plaintiff's request that the Court issue Summary Judgment based on spoliation of evidence.

11

The entry will be:

Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Cross-Motion is **DENIED**.

_____3/18/14_____

DATE

SUPERIOR COURT JUSTICE

12

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2012-00313

**DOCKET RECORD**

Attorney for: TOWN OF WINTHROP
JONATHAN BROGAN  - RETAINED
NORMAN HANSON & DETROY LLC
TWO CANAL PLAZA
PO BOX 4600
PORTLAND ME 04112-4600


vs
HOWARD P FAIRFIELD LLC (DISMISSED) - DEFENDANT
PO BOX 188
SKOWHEGAN ME 04976
Attorney for: HOWARD P FAIRFIELD LLC (DISMISSED)
DONA FEENEY  - RETAINED 01/23/2013
FEENEY ROUSFEAU & FRAAS PLLC
225 BRIDGE STREET
MANCHESTER NH 03104

BAILEY BROTHERS INC - DEFENDANT
C/O BRENDA BROCHU, 12 PARK STREET
LIVERMORE FALLS ME 04254
Attorney for: BAILEY BROTHERS INC
MADELINE K MALISA  - RETAINED
DOUGLAS DENHAM BUCCINA & ERNST
103 EXCHANGE ST
PO BOX 7108
PORTLAND ME 04112-7108

HIGHT FORD INC (DISMISSED) - DEFENDANT
C/O LOUIS HIGHT, 356 MADISON AVENUE
SKOWHEGAN ME 04976
Attorney for: HIGHT FORD INC (DISMISSED)
BARRI BLOOM  - RETAINED
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS STREET
PO BOX 9545
PORTLAND ME 04112-9545


Filing Document: COMPLAINT                    Minor Case Type: AUTO NEGLIGENCE
Filing Date: 12/21/2012

## Docket Events:

12/26/2012 FILING DOCUMENT - COMPLAINT FILED ON 12/21/2012
          Plaintiff's Attorney:  JONATHAN BROGAN

12/26/2012 Party(s):  TOWN OF WINTHROP
          ATTORNEY - RETAINED ENTERED ON 12/21/2012
          Plaintiff's Attorney: JONATHAN BROGAN

01/10/2013 Party(s):  HIGHT FORD INC (DISMISSED)
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 12/28/2012
          ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON HIGHT FORD, INC.

01/10/2013 Party(s):  HOWARD P FAIRFIELD LLC (DISMISSED)
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 12/28/2012
          ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON HOWARD FAIRFIELD

01/10/2013 Party(s):  BAILEY BROTHERS INC
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 12/26/2012
          ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON BAILEY BROTHER, INC.

01/14/2013 Party(s):  BAILEY BROTHERS INC
          RESPONSIVE PLEADING - ANSWER FILED ON 01/14/2013
          Defendant's Attorney: MADELINE K MALISA

01/14/2013 Party(s):  BAILEY BROTHERS INC
          ATTORNEY - RETAINED ENTERED ON 01/14/2013
          Defendant's Attorney: MADELINE K MALISA

01/18/2013 LETTER - FROM NON-PARTY FILED ON 01/18/2013
          NO OBJECTION TO DEFENDANT'S MOTION FOR LEAVE                    S/DONA FEENEY,
          ESQ.

01/22/2013 Party(s):  TOWN OF WINTHROP
          LETTER - FROM PARTY FILED ON 01/22/2013
          Plaintiff's Attorney:  JONATHAN BROGAN
          NO OBJECTION TO MOTION TO ENLARGE

01/28/2013 Party(s):  HIGHT FORD INC (DISMISSED)
          RESPONSIVE PLEADING - ANSWER FILED ON 01/23/2013
          Defendant's Attorney: BARRI BLOOM

01/28/2013 Party(s):  HIGHT FORD INC (DISMISSED)
          ATTORNEY - RETAINED ENTERED ON 01/23/2013
          Defendant's Attorney: BARRI BLOOM

01/28/2013 Party(s):  HOWARD P FAIRFIELD LLC (DISMISSED)
          RESPONSIVE PLEADING - ANSWER FILED ON 01/23/2013
          Defendant's Attorney: DONA FEENEY

01/28/2013 Party(s):  HOWARD P FAIRFIELD LLC (DISMISSED)
          ATTORNEY - RETAINED ENTERED ON 01/23/2013
          Defendant's Attorney: DONA FEENEY

01/29/2013 ORDER - SCHEDULING ORDER ENTERED ON 01/29/2013
          M MICHAELA MURPHY , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPY TO ATTYS
          BROGAN, FEENEY, BLOOM, MALISA

01/29/2013 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 09/29/2013

01/29/2013 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 01/29/2013
          M MICHAELA MURPHY , JUSTICE

02/07/2013 Party(s):  TOWN OF WINTHROP
          ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 02/07/2013

Plaintiff's Attorney:  KELLY HOFFMAN
MEDIATION WITH ELIZABETH GERMANI ON 5/8/13.                        3/5/13-
RESCHEDULED FOR 6/4/13.

03/05/2013 Party(s):  HIGHT FORD INC (DISMISSED)
           LETTER - FROM PARTY FILED ON 03/05/2013
           Defendant's Attorney: BARRI BLOOM
           PARTIES AGREE TO ADR DEADLINE EXTENSIONS

06/26/2013 ORDER - REPORT OF ADR CONF/ORDER FILED ON 06/26/2013
           M MICHAELA MURPHY , JUSTICE

06/26/2013 ORDER - REPORT OF ADR CONF/ORDER PARTIALLY RESOLVED ON 06/04/2013

07/05/2013 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 07/02/2013
           M MICHAELA MURPHY , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

08/15/2013 Party(s):  HOWARD P FAIRFIELD LLC (DISMISSED),HIGHT FORD INC (DISMISSED)
           MOTION - MOTION TO DISMISS FILED ON 08/15/2013
           Defendant's Attorney: BARRI BLOOM
           DEFTS HIGHT FORD INC AND HOWARD P FAIRFIELD LLC'S UNOPPOSED MOTION TO DISMISS LESS THAN
           ALL DEFTS

08/20/2013 Party(s):  HOWARD P FAIRFIELD LLC (DISMISSED),HIGHT FORD INC (DISMISSED)
           MOTION - MOTION TO DISMISS GRANTED ON 08/16/2013
           M MICHAELA MURPHY , JUSTICE
           ALL CLAIMS AGAINST DEFTS HIGHT FORD INC AND HOWARD P FAIFFIELD LLC ARE     DISMISSED WITH
           PREJUDICE AND WITHOUT COSTS.

08/20/2013 Party(s):  HOWARD P FAIRFIELD LLC (DISMISSED),HIGHT FORD INC (DISMISSED)
           FINDING - PARTIAL DISMISSED W/ PREJUDICE ENTERED ON 08/16/2013

08/27/2013 TRIAL - TRAILING LIST SCHEDULED FOR 08/27/2013
           M MICHAELA MURPHY , JUSTICE
           NOVEMBER

08/27/2013 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 11/04/2013 at 08:30 a.m.  in Room No.  2
           M MICHAELA MURPHY , JUSTICE
           NOTICE TO PARTIES/COUNSEL

08/27/2013 HEARING - TRIAL MANAGEMENT CONFERENCE NOTICE SENT ON 08/27/2013

08/30/2013 Party(s):  TOWN OF WINTHROP
           JURY FILING - DEMAND FOR JURY TRIAL FILED ON 08/30/2013
           Plaintiff's Attorney:  KELLY HOFFMAN

09/18/2013 Party(s):  BAILEY BROTHERS INC
           MOTION - MOTION SUMMARY JUDGMENT FILED ON 09/11/2013
           Defendant's Attorney: MADELINE K MALISA
           W/ STATEMENT OF MATERIAL FACTS

10/03/2013 Party(s):  TOWN OF WINTHROP
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 09/30/2013
          Plaintiff's Attorney:  KELLY HOFFMAN
          CONSENTED-TO MOTION FOR EXTENSION OF TIME TO SERVE OPPOSITION TO DEFT'S MOTION FOR SJ

10/08/2013 Party(s):  TOWN OF WINTHROP
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 10/04/2013
          M MICHAELA MURPHY , JUSTICE
          COPIES TO PARTIES/COUNSEL                                      COURT EXTENDS
          PLTF'S TIME TO SERVE OPPOSITION TO DEFT'S MOTION SJ TO 10/15.

10/17/2013 Party(s):  BAILEY BROTHERS INC
          OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 10/16/2013
          Defendant's Attorney: MADELINE K MALISA
          DEFT'S

10/18/2013 HEARING - PRETRIAL/STATUS SCHEDULED FOR 10/21/2013 at 04:00 p.m.  in Room No.  2
          M MICHAELA MURPHY , JUSTICE
          NOTICE TO PARTIES/COUNSEL                                      PHONE
          CONFERENCE

10/18/2013 HEARING - PRETRIAL/STATUS NOTICE SENT ON 10/18/2013

10/19/2013 Party(s):  TOWN OF WINTHROP
          OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 10/18/2013
          Plaintiff's Attorney:  KELLY HOFFMAN
          PLTF'S

10/19/2013 Party(s):  TOWN OF WINTHROP
          MOTION - MOTION SUMMARY JUDGMENT FILED ON 10/18/2013
          Plaintiff's Attorney:  KELLY HOFFMAN
          PLTF'S CROSS MOTION FOR SJ (& OBJ TO DEFT'S MOTION SJ)

10/19/2013 Party(s):  TOWN OF WINTHROP
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 10/18/2013
          Plaintiff's Attorney:  KELLY HOFFMAN
          OBJECTION TO DEFT'S MOTION SJ, OPPOSING STATEMENT OF MATERIAL FACTS AND STATEMENT OF
          ADDITIONAL FACTS, AFFIDAVIT OF THOMAS BUSH (W/CROSS MOTION FOR SJ)

10/22/2013 HEARING - PRETRIAL/STATUS HELD ON 10/21/2013
          M MICHAELA MURPHY , JUSTICE
          Defendant's Attorney: MADELINE K MALISA
          Plaintiff's Attorney:  KELLY HOFFMAN

10/22/2013 ORDER - CONFERENCE REPORT & ORDER ENTERED ON 10/22/2013
          M MICHAELA MURPHY , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL                                      CROSS-MOTION FOR SUMMARY
          JUDGMENT TO BE FILED BY PLTF.  PARTIES REQUEST THAT CASE BE SET FOR TRIAL FOR NEXT CIVIL
          TERM.  THEY DO NOT NEED TO FILE MOTION RE: TMC SCHEDULED FOR 11/4/13.  CASE CONTINUED.

10/22/2013 HEARING - TRIAL MANAGEMENT CONFERENCE NOT HELD ON 10/22/2013
          SEE CONFERENCE ORDER

10/22/2013 TRIAL - TRAILING LIST NOT HELD ON 10/22/2013
          SEE CONFERENCE ORDER

11/08/2013 Party(s):  BAILEY BROTHERS INC
          OTHER FILING - REPLY MEMORANDUM FILED ON 11/07/2013
          Defendant's Attorney: MADELINE K MALISA
          DEFT BAILEY BROTHERS' REPLY BRIEF IN SUPPORT OF MOTION FOR SJ AND IN OPPOSITION TO PLTF'S
          CROSS MOTION FOR SJ, RESPONSE TO PLTF'S STATEMENT OF ADDITIONAL MATERIAL FACTS

11/20/2013 Party(s):  TOWN OF WINTHROP
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 11/19/2013
          Plaintiff's Attorney:  KELLY HOFFMAN
          REPLY TO DEFT'S OPPOSITION TO PLTF'S MOTION SJ, PLTF'S REPLY STATEMENT OF ADDITIONAL
          MATERIAL FACTS

11/22/2013 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 01/03/2014 at 10:00 a.m.  in Room No.  2
          M MICHAELA MURPHY , JUSTICE

11/22/2013 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 11/22/2013

01/03/2014 HEARING - MOTION SUMMARY JUDGMENT HELD ON 01/03/2014
          M MICHAELA MURPHY , JUSTICE
          Defendant's Attorney: MADELINE K MALISA
          Plaintiff's Attorney:  KELLY HOFFMAN
          TAPE 1811, INDEX 1119-2310

01/03/2014 CASE STATUS - DECISION UNDER ADVISEMENT ON 01/03/2014
          M MICHAELA MURPHY , JUSTICE
          SJ MOTIONS

03/18/2014 Party(s):  BAILEY BROTHERS INC
          MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 03/18/2014
          M MICHAELA MURPHY , JUSTICE
          COPIES TO PARTIES/COUNSEL

03/18/2014 Party(s):  TOWN OF WINTHROP
          MOTION - MOTION SUMMARY JUDGMENT DENIED ON 03/18/2014
          M MICHAELA MURPHY , JUSTICE
          COPIES TO PARTIES/COUNSEL

03/18/2014 FINDING - JUDGMENT DETERMINATION ENTERED ON 03/18/2014
          M MICHAELA MURPHY , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

          ORDER - SUMMARY JUDGMENT ENTERED ON 03/18/2014
          M MICHAELA MURPHY , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL
          Judgment entered for BAILEY BROTHERS INC and against TOWN OF WINTHROP.

03/18/2014 FINDING - FINAL JUDGMENT CASE CLOSED ON 03/18/2014

A TRUE COPY
ATTEST: _____
                    Clerk