STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-557

TOU SENESOMBATH,

Plaintiff

v.

ORDER ON MOTION
FOR SUMMARY JUDGMENT

B&G FOODS, INC., B&M BAKED
BEANS DIVISION and VIOLA
VENTURES, LTD.,

Defendants

STATE OF MAINE
Cumberland, ss. Clerk's Office

JUN 19 2015

RECEIVED

Before the court is defendant Viola Ventures's motion for summary judgment. Plaintiff suffered injuries when she fell on ice and snow in her employer's parking lot. Viola argues that it is entitled to judgment as a matter of law because it is not a possessor of the parking lot where plaintiff's injury occurred and it did not create a hazardous condition that caused plaintiff's fall. For the following reasons, defendant's motion is granted.

## FACTS

The material facts are simple and not in dispute. Plaintiff was an employee of B&M Beans. (Def.'s Supp. S.M.F. ¶ 1.) On January 14, 2008, she slipped on ice covered by snow in the B&M parking lot and fell. (Def.'s Supp.

S.M.F. ¶ 2.) She alleges that the parking was not properly treated by Viola. (Def.'s Supp. S.M.F. ¶ 3.) Aside from failing to plow, salt, or sand the parking lot, plaintiff has not identified any condition that Viola created which caused her to fall. (Def.'s Supp. S.M.F. ¶ 7.)

## PROCEDURAL HISTORY

Plaintiff filed a complaint against B&G Foods and Viola Ventures on December 30, 2013. On June 2, 2014, defendant B&G Foods was dismissed pursuant to 39-A M.R.S. §§ 104, 408. On March 6, 2015, defendant Viola moved for summary judgment. Plaintiff has opposed the motion.

## DISCUSSION

### 1. Standard of Review

"Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Dussault v. RRE Coach Lantern Holdings, LLC*, 2014 ME 8, ¶ 12, 86 A.3d 52 (quoting *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *McIlroy v. Gibson's Apple Orchard*, 2012 ME 59, ¶ 7, 43 A.3d 948 (quoting *N. E. Ins. Co. v. Young*, 2011 ME 89, ¶ 17, 26 A.3d 794). "To survive a defendant's motion for a summary judgment, the plaintiff must establish a prima facie case for each element of her cause of action." *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 12, 48 A.3d 774 (quoting *Bonin v. Crepeau*, 2005 ME 59, ¶ 8, 873 A.2d 346).

2

## 2. Non-possessor Liability

Plaintiff argues that Viola may be held liable as a non-possessor who created a dangerous condition. "[A] non-possessor of land who negligently creates a dangerous condition on the land may be liable for reasonably foreseeable harms." *Davis v. R C & Sons Paving, Inc.*, 2011 ME 88, ¶ 19, 26 A.3d 787. The question is whether there is any evidence that Viola created a dangerous condition in the parking lot.

This case is controlled by the Law Court's decision in *Davis*. In that case, the plaintiff alleged that a plowing company "negligently created the dangerous condition of untreated ice, covered by a thin skim of obscuring snow by failing to treat the ice after plowing the area." *Id.* ¶ 18 (quotation marks omitted). The court found that the "precipitating cause" of the hazardous condition was weather and not the plow company's actions *Id.* ¶ 22. Because there was no evidence in the summary judgment record that the plow company created any dangerous condition, the court concluded, "summary judgment was properly granted." *Id.*

This case is indistinguishable from *Davis*. Plaintiff alleges that she fell on snow and ice and that defendant Viola had a duty to plow or treat the parking lot where she fell. Plaintiff has not identified any dangerous condition created by Viola that could be a basis for liability. Although plaintiff argues that the record still needs to be developed, when a defendant moves for summary judgment, it is incumbent on the plaintiff to establish a prima facie case for each element of her cause of action.[1] *Lougee Conservancy*, 2012 ME 103, ¶ 12, 48 A.3d 774. Because

---

1 Plaintiff has had over a year to conduct discovery and does not identify what other evidence might be available to demonstrate that Viola created an unreasonably dangerous condition at the site where plaintiff fell.

3

plaintiff has failed to establish a prima facie case of negligence, Viola is entitled to summary judgment.

The entry is:

> Defendant Viola Ventures's motion for summary judgment is granted.

Date: 6|19|15

_____
Joyce A. Wheeler
Active Retired Justice, Superior Court


Plaintiff-Paul Boots Esq
Defendant Viola Ventures-Joy McNaughton Esq

4