STATE OF MAINE                                    SUPERIOR COURT

Cumberland, ss.                    **STATE OF MAINE**
                                   **Cumberland, ss, Clerk's Office**

KATHLEEN O'BRIEN                   **APR 19 2016**

         Plaintiff               **RECEIVED**

         v.                                      Docket No. PORSC-CV-15-144

OWEN PICKUS and CONGRESS PLAZA, LLC

         Defendants

### ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

This case arises out of what the Plaintiff Kathleen O'Brien alleges to be her fall in a

pothole in the parking lot of a shopping center at 290 Congress Street, Portland, owned or

operated by Defendants Owen Pickus and Congress Plaza, LLC ["Congress Plaza"].

Defendants have filed two motions for summary judgment. One motion, filed by

Congress Plaza alone, seeks summary judgment on the basis that Congress Plaza has never

owned or operated the shopping center and thus cannot be liable for Plaintiff's claim. The

other motion, filed by both Defendants, seeks summary judgment on the ground that the

Plaintiff lacks sufficient evidence regarding the circumstances of her fall to meet her burden of

persuasion on the issue of causation, thereby entitling the Defendants to summary judgment.

Both motions are opposed. The court elects to decide the both motions without oral

argument. *See* M.R. Civ. P. 7(b)(7).

*Standard of Review*

Summary judgment is appropriate if, based on the parties' statements of material fact

and the cited record, there is no genuine issue of material fact and the moving party is entitled

to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14,

951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of

1

material fact exists when the [fact finder] must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

If the moving party's motion for summary judgment is properly supported, the burden shifts to the non-moving party to respond with specific facts indicating a genuine issue for trial in order to avoid summary judgment. M.R. Civ. P. 56(e). *See Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897In fact, in responding to a properly supported motion for summary judgment on a claim, "the [party asserting the claim] must establish a prima facie case for each element of [its] cause of action." *Bonin v. Crepeau*, 2005 ME 59, ¶ 8, 873 A.2d 346.

*Analysis*

This Order addresses Congress Plaza's Motion, and then the Defendants' joint Motion.

*Congress Plaza's Motion*

Congress Plaza's Motion represents that Congress Plaza has never owned or operated the property at 290 Congress Street. Congress Plaza has submitted the affidavit of Owen Pickus, indicating that he, not Congress Plaza, owned the shopping center, including the parking lot area, as of the date on which Plaintiff claims to have been injured.

Plaintiff's opposition cites an e-mail to Plaintiff's counsel from Defendants' counsel indicating that Congress Plaza owns the property. The court trusts that the Pickus affidavit reflects Defendants' counsel's understanding of ownership.

Plaintiff also cites the understanding of Jessica Rice, the former employee of a laundry in the shopping center, but Plaintiff has not established that Jessica Rice's testimony regarding ownership would be admissible in evidence. Plaintiff has also submitted copies of leases that indicate that Congress Plaza leased space at 290 Congress Street to others. The leases do suggest that Congress Plaza has leased to others the 290 Congress Street property, but as

Congress Plaza points out, these are not authenticated or admissible in evidence, as required for Rule 56 material, and do not establish that Congress Plaza had any ownership interest or maintenance responsibility in the parking lot in which Plaintiff claims to have fallen.

The court concludes that Plaintiff has not effectively countered Pickus's sworn statement that he owned and controlled the property, including the parking lot, as of the date at issue, and that Congress Plaza has not had any ownership interest or responsibility for the property. Accordingly, Congress Plaza's Motion for Summary Judgment is granted.

*Defendants' Joint Motion for Summary Judgment*

The sole basis for Defendants' Motion is that Plaintiff cannot meet her burden to prove that her injuries were proximately caused by Defendants' negligence. They cite her deposition testimony to the effect that she did not see the pothole that allegedly caused her to fall, and cannot explain the cause of the fall or explain how she fell—whether she tripped, rolled her ankle, etc. Defendants rely on Law Court decisions in which the plaintiff has failed to prove the causal link between the accident and any negligence on the part of the Defendant. *See Durham v. HTH Corp.*, 2005 ME 53, ¶¶ 10-11, 870 A.2d 577, 579; *Houde v. Millett*, 2001 ME 183, ¶¶ 11-12, 787 A.2d 757, 759-60; *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 5, 711 A.2d 842, 844. What these and similar decisions stand for is that a personal injury plaintiff must prove more than the possibility that the injury was proximately caused by the defendant's negligence; proof that the defendant's negligence was more likely than not the legal cause of plaintiff's injury is the standard.

Assuming that the business invitee rule applies here, the owner or operator of the parking lot owed Plaintiff and other customers the "positive duty of exercising reasonable care in providing reasonably safe premises . . . when it knows or should have known of a risk to customers on its premises." *Budzko v. One City Ctr. Assocs. Ltd. P'ship*, 2001 ME 37, ¶ 11, 767 A.2d 310, 314 (*quoting Currier v. Toys 'R' Us, Inc.*, 680 A.2d 453, 455-56 (Me. 1996)). Proof that

3

Plaintiff's fall was caused by her stepping into a pothole in the surface of the parking lot could be sufficient to meet Plaintiff's burden of persuasion on causation.

Defendants contend that Plaintiff O'Brien cannot meet her burden because, according to her deposition testimony, she cannot explain how her fall occurred. She testified at her deposition that she was walking across the parking lot, watching out for cars but also watching where she placed her feet, when she unexpectedly "went down" to her hands and knees. She had not seen a pothole in her path. She also did not look at the pothole after she fell, because she was in too much pain to think of doing so. She could not say at her deposition whether she slipped, or tripped or rolled her ankle, or fell in some other manner. She also does not know how deep the pothole was or whether it was more than a depression in the pavement.

However, Plaintiff has submitted with her opposition an affidavit from her daughter, Lisa St. Thomas, stating that she saw her mother "fall to the ground and subsequently break her ankle. While I was helping my mother stand up I saw the pothole that caused my mother to fall." Affidavit of Lisa St. Thomas ¶¶2-3.[1] All of these averments appear to be admissible in evidence.

In a personal injury case, evidence as to causation is not limited to the injured plaintiff's own testimony; otherwise, there could never be any recovery for a fatal accident. Recognizing potholes and recognizing that stepping into a pothole unexpectedly can cause a person to fall down and suffer injury are not matters outside common knowledge and experience. Plaintiff is not required to evidence on the precise dimension of the pothole or on the etiology or mechanics of her fall to meet her burden on causation. Were Plaintiff's own testimony her only evidence, it likely would be insufficient, because she cannot say of her own personal knowledge what caused her fall. But her daughter claims under oath that her mother's fall was

---

[1] Defendants requested an extension of the discovery deadline to allow them to take the deposition of Lisa St. Thomas. In theory, they could also have requested an extension of their deadline to reply to Plaintiffs' opposition to their joint motion for the same reason, but have elected to reply.

caused by stepping into a pothole, and the daughter claims to have looked at the pothole that caused the fall right after the fall occurred. Plaintiff's daughter's testimony alone, if it were credited by the factfinder, could be sufficient to show that Plaintiff's fall was more likely than not caused by stepping into a pothole. Whether the daughter actually saw the fall and how she can say what caused it are legitimately in contention, but her affidavit is sufficient to generate genuine issues of material fact as to causation.

Because Defendants' motion challenges the sufficiency of Plaintiff's evidence only with respect to the element of causation, and not with respect to the premises liability or damages elements, Plaintiff has made a prima facie showing of causation at the summary judgment stage sufficient to defeat the Defendants' Motion.

IT IS ORDERED AS FOLLOWS:

1. The Motion for Summary Judgment of Defendants Owen Pickus and Congress Plaza, LLC is denied.

2. Defendant Congress Plaza, LLC's Motion for Summary Judgment is granted. Judgment on the complaint is granted to Congress Plaza, LLC.

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to incorporate this Order by reference in the docket.

Dated April 15, 2016

A. M. Horton, Justice