2000 ME 50

**Charles C. PASCHAL**

v.

**CITY OF BANGOR.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 28, 1999.
Decided March 23, 2000.

---

Paul Sumberg, Wright & Mills, P.A., Skowhegan, for plaintiff.

Jon A. Haddow, Farrell, Rosenblatt & Russell, Bangor, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] The City of Bangor appeals from the denial of its motion for a summary judgment entered in the Superior Court (Penobscot County, *Hjelm, J.*) in a suit brought by Charles Paschal.[1] The court

1. Although the denial of a summary judgment is not a final judgment, we entertain the City's appeal because it is asserting governmental immunity from suit. *See Webb v. Haas,* 1999 ME 74, ¶ 5, 728 A.2d 1261, 1264; *Struck v. Hackett,* 668 A.2d 411, 416 (Me.1995).

held that the existence of genuine issues of material fact precluded it from finding that the Maine Tort Claims Act granted the City immunity from Paschal's negligence claim under the Maine Tort Claims Act.[2] We agree with the City's contention that it is immune under the Maine Tort Claims Act and that none of the exceptions to immunity are applicable so as to preclude the entry of a summary judgment. Accordingly, we vacate the judgment.

[¶ 2] Paschal was injured on June 18, 1996 when the motorcycle he was riding hit a patch of sand and gravel at the intersection of Hammond and Ohio Streets in the City of Bangor. Several days before, on June 14, "three inches of rain fell on the City of Bangor during a half-hour period," washing debris into accumulations and requiring the use of City street sweepers to remove the debris. One witness testified that the road where Paschal fell was "thick with sand."

[¶ 3] The City began cleaning the debris at the intersection of Hammond and Ohio Streets on June 14, the day of the storm. The City suspended cleaning operations on the weekend and resumed cleaning one quarter mile from the intersection on June 18, eventually cleaning the spot where Paschal was injured on June 19.

[¶ 4] Paschal filed a complaint against the City alleging that:

> [t]he slip and fall of [Paschal's motorcycle] . . . was proximately caused by negligence on the part of Defendant City of Bangor in that it failed to see that which was there to be seen, failed to maintain clean and clear streets, and failed generally to adhere to appropriate standards of due care.

[¶ 5] In moving for a summary judgment the City argued that the complaint alleged a highway defect, and because the exclusive remedy for damages incurred by highway defects was 23 M.R.S.A. § 3655 (1992), Paschal was required to prove that the City had actual notice of the defect in the roadway twenty-four hours prior to the accident.[3] Because Paschal had failed to offer any such proof, the City requested that judgment be entered in its favor.

[¶ 6] Paschal asserted that 23 M.R.S.A. § 3655 (1992) does not apply because the complaint does not allege a defect in the roadway, but rather alleges negligence by the City and so is governed by the Maine Tort Claims Act. *See* 14 M.R.S.A. § 8104-A(4) (Supp.1999). He contended that the City's negligence occurred during and arose from the City's street cleaning and repair operations, activities that fall outside the protective cloak of immunity provided by the Maine Tort Claims Act.

[¶ 7] The Superior Court (*Marsano, J.*) granted the City relief "on all claims against the City based on 23 M.R.S.A. § 3655,"[4] and denied without prejudice the City's summary judgment motion on those claims made pursuant to 14 M.R.S.A. § 8104-A(4), allowing the City to refile the motion.

---

2. The Maine Tort Claims Act provides:

 **1. Immunity.** Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages. When immunity is removed by this chapter, any claim for damages shall be brought in accordance with the terms of this chapter.
 14 M.R.S.A. § 8103(1) (1980). The Act also provides exceptions to immunity:
 § 8104-A. **Exceptions to immunity**
 . . . .
 **4. Road construction, street cleaning or repair.** A governmental entity is liable for its negligent acts or omissions arising out of and occurring during the performance of construction, street cleaning or repair operations on any . . . town way . . . . A governmental entity is not liable for any defect [or] lack of repair . . . in any . . . town way.
 14 M.R.S.A. § 8104-A(4) (Supp.1999).

3. Title 23, section 3655 provides, in part:

 Whoever receives any bodily injury . . . through any defect or want of repair . . . in any highway [or] town way . . . may recover for the same in a civil action . . . if [the municipality] had 24 hours' actual notice of the defect or want of repair.
 23 M.R.S.A. § 3655 (1992).

4. Paschal does not challenge that ruling.

[¶ 8] The Superior Court (*Hjelm, J.*) denied the City's second motion for a summary judgment because it found that there were genuine issues of material fact as to whether the City had completed its street sweeping activity at the time the accident occurred, and as to how the debris accumulated in the roadway. This appeal by the City followed.

[¶ 9] "Whether a defendant is entitled to governmental immunity is a question of law that may be resolved by a summary judgment in the absence of factual contradiction." *Dubail v. Department of Transp.*, 1998 ME 126, ¶ 7, 711 A.2d 1301, 1303. We examine the evidence presented in the statements of material fact required to be filed pursuant to M.R. Civ. P. 7(d) in the light most favorable to the nonprevailing party to determine if there is a genuine issue of material fact. *See Smith v. Cannell*, 1999 ME 19, ¶ 6, 723 A.2d 876, 879; *Webb v. Haas*, 1999 ME 74, ¶ 18, 728 A.2d 1261, 1267. A genuine issue of material fact is present when " 'there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial.' " *See Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 171–72 (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir.1990) (internal quotations omitted)). Pursuant to M.R. Civ. P. 56(c) a defendant is entitled to a summary judgment if there is no genuine issue as to any material fact. We review de novo the trial court's conclusion that there is a genuine issue of material fact in this case. *See Casco Northern Bank v. Estate of Grosse*, 657 A.2d 778, 780 (Me.1995).

[¶ 10] A city is "immune from suit on any and all tort claims seeking recovery of damages" except as specifically provided by statute. *See* 14 M.R.S.A. § 8103(1) (1980). The City loses its immunity from suit for "negligent acts or omissions arising out of and occurring during ... street cleaning or repair operations." *See* 14 M.R.S.A. § 8104–A(4) (Supp.1999). Pursuant to section 8104–A(4), however, "[a] governmental entity is not liable for any defect [or] lack of repair" of a roadway.[5] *See id.* Section 8104–A(4), like all statutory exceptions to government immunity, "must be narrowly construed." *See Goodine v. State*, 468 A.2d 1002, 1004 (Me. 1983).

[¶ 11] The Superior Court declined to enter a summary judgment because it determined that there were genuine issues of fact as to whether the City had completed its street cleaning activity at the time of the accident and as to how the debris accumulated. Although the court may be correct that there is some dispute as to those facts, in the context of this case, those disputes are not material within the meaning of section 8104–A(4) and M.R. Civ. P. 56.

[¶ 12] Paschal has not shown any negligent act or omission that arose out of and occurred during the City's cleanup operation. Paschal's complaint alleges only that the City failed to remove the debris. Section 8104–A(4), however, does not create a duty on the part of the City to clean or repair its streets.[6] Rather, it places a duty on the City to conduct its street cleaning and repair operations with due care. Paschal does not claim that the City *placed* the sand and gravel on the roadway, nor would the evidence support a finding that the City's action caused the sand and gravel to be in the road, i.e., that the debris was present at the intersection because of some negligent act on the part

---

5. Recovery for defects and lack of repairs is governed by 23 M.R.S.A. § 3655 (1992).

6. While it might be true that the debris constituted a defect in the roadway, *see Clockedile v. Department of Transp.*, 437 A.2d 187, 190 (Me.1981) (holding that a ditch in the road was a defect in the roadway), the exclusive means of recovery for roadway defects lies in 23 M.R.S.A. § 3655 (1992), *see id.* Because Paschal failed to comply with the notice provision of 23 M.R.S.A. § 3655 (1992), however, he cannot recover for injury caused by "any defect or want of repair" in the roadway.

of the City. The City could be liable under section 8104–A only if, during the course of street cleaning or repair, it negligently caused the debris to accumulate in the street. There is no evidence of such negligent conduct on the part of the City in this case.

 [¶ 13] Paschal attempts to place himself within section 8104–A(4), but he has failed to produce sufficient evidence to support a finding of negligence on the part of the City in any street cleaning or repair operation proximately causing his injury.

Accordingly, the City is entitled to a judgment.

The entry is:

Judgment vacated. Remanded to the Superior Court for the entry of a judgment for the City of Bangor.