STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS.
CLERK'S OFFICE

Oct 12   3 41 PM '01

SUPERIOR COURT
Docket No. CV-00-415

Manfred Zorn,
          Plaintiff,


          v.

Federal Express Corporation,
          Defendant.

ORDER ON PLAINTIFF'S MOTION TO
STRIKE AND DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

In July, 2000, the plaintiff, Manfred Zorn ("Zorn"), brought this action for damages he incurred after the defendant, Federal Express ("FedEx"), accepted two fraudulent cashier's checks upon delivery of two packages Zorn sent "Collect on Delivery" ("C.O.D."). Zorn asserts three claims: negligence (Count I), breach of contract (Count II), and unfair trade practices (Count III). The defendant now moves for summary judgment or partial summary judgment on all three claims. Zorn moves to strike certain portions of an affidavit submitted by FedEx in support of its Motion for Summary Judgment.

## FACTUAL BACKGROUND

Viewed in the light most favorable to Zorn, the non-moving party, see Paschal v. City of Bangor, 2000 ME 50, ¶ 9, 747 A.2d 1194, 1197, the facts are as follows. At the end of July, 1999, Zorn employed the services of FedEx to ship two watches, each worth $14,000.00, to two different buyers.[1] Zorn sold the first watch to

---

1 FedEx is a licensed air carrier.

a "Marvin Delaney" in Atlanta, Georgia, and hired FedEx to deliver it C.O.D.[2] The package was marked "secured payment,"[3] but although there was a space on the Airbill for Zorn to declare the value of the watch, he failed to enter an amount. When the FedEx courier delivered the watch to the address listed on the package, he allowed someone other than Mr. Delaney, the named recipient, to sign for it, and then accepted a fraudulent cashier's check in the amount of $14,000.00.

Zorn also sold a second watch to a "Lewis Trudy" in Venice, California, and on July 26, 1999, made identical arrangements with FedEx to ship it C.O.D. As he did in the prior transaction, Zorn marked the package "secured payment," and failed to declare the watch's value. Again, when the FedEx courier delivered the watch to the address on the package, he allowed someone other than Mr. Trudy to sign for it, and collected a fraudulent cashier's check in the amount of $14,000.00.

On August 12, 1999, Zorn sent a claim letter to Theodore Weise ("Weise"), FedEx's Chief Executive Officer. In the letter, Zorn explained what occurred and demanded a settlement for $28,000.00, the monetary value of the two watches. On August 19, 1999, Weise denied Zorn's claim. Zorn subsequently brought this action against FedEx in July, 2000, and set forth three claims: negligence in failing to inspect

---

2 FedEx's C.O.D. service includes "carriage of goods to the recipient, collection of the payment instrument issued by or on behalf of the recipient, and made payable to the shipper, and delivery of the payment instrument to the shipper of the goods." FEDERAL EXPRESS SERVICE GUIDE 99.

3 "If the shipper specifies secured payment on the C.O.D. Airbill, payment by either cashier's check or money order only will be accepted." FEDERAL EXPRESS SERVICE GUIDE 99.

the checks, failing to insist that the named recipient sign for the watches, and accepting checks that were invalid on their faces, or whose invalidity FedEx would have discovered had it exercised reasonable care (Count I); breach of contract in that FedEx failed to secure payment for the watches by obtaining either a valid certified cashier's check or money order, as it agreed to do (Count II); and violating the Unfair Trade Practices Act, Title 5 M.R.S.A. sections 205-A through 214, by claiming that its couriers would inspect the checks, and that if there were problems with the checks, the courier would not accept them (Count III).

FedEx now moves for summary judgment, arguing that FedEx's liability, if any, is governed by federal law, and that Zorn's state claims are preempted by federal law. In support of its motion, FedEx attached the affidavit of Steve Foster ("Foster"), a senior paralegal in its legal department.[4] In the amended affidavit, Foster makes several statements that Zorn argues are either too broad or are not referenced properly in FedEx's Statement of Material Facts. Consequently, Zorn moves to strike those portions of the amended affidavit. In response to FedEx's Motion for Summary Judgment, Zorn argues that his claims are not governed by federal law and that the Court should not grant the motion because FedEx has not carried its burden of demonstrating that it is entitled to summary judgment as a matter of law.

---

4 Zorn moved to strike the bulk of Foster's original affidavit because Foster failed to attest that his statements were based on personal knowledge, as required under M.R. Civ. P. 56 (e). In response, Foster submitted an amended affidavit which remedied many of the problems in the original affidavit. For the sake of clarity, the Court will refer to the affidavits as the "original affidavit" and the "amended affidavit."

# DISCUSSION

## I. Zorn's Motion to Strike

Zorn makes two fundamental arguments in support of his Motion to Strike. First, in his amended affidavit, Foster claims he has personal knowledge that FedEx has no record of a written claim for damages filed within fifteen days of Zorn's loss. Zorn contends that because Foster has only the legal department's file, he cannot assert that *no one* in FedEx received any written notice of claim from Zorn within fifteen days of the loss. This assertion made by Foster in the amended affidavit is not material to this decision, and the Court will not address this issue.

Second, and more importantly, Zorn argues that the Statement of Material Facts FedEx submitted in support of its Motion for Summary Judgment contains record references to Foster's original affidavit. Even though FedEx filed Foster's amended affidavit, it did not file any supplemental or amended Statement of Material Facts that contains record references to the amended affidavit. Zorn argues that, to the extent FedEx's Statement of Material Facts relies upon Foster's original affidavit, there are no proper record references as required by M.R. Civ. P. 56 (h)(4). Because FedEx has not properly supported its Statement of Material Facts, it cannot show there is no genuine issue of material fact.

Zorn relies on Levine v. R.B.K. Caly Corp., 2001 ME 77, ¶ 9, 770 A.2d 653, 656, in which the Law Court vacated a trial court's granting of summary judgment in

4

favor of the defendant. The Law Court held that even though the plaintiffs failed to controvert one of the defendant's assertions of material fact, the defendant's failure to incorporate the necessary record references to support the facts offered in its statement of facts precluded the trial court from allowing summary judgment in the defendant's favor.

This case is distinguishable from Levine. In Levine, the defendant failed to include any record references in its Statement of Material Facts. In this case, however, FedEx included specific record references, but those references were to Foster's original affidavit, not his amended affidavit.

"A motion for summary judgment shall be supported by a separate, short, and concise statement of material facts . . . . Each fact asserted in the statement shall be supported by a record citation." M.R. Civ. P. 56 (h)(1). "An assertion of fact . . . shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion." M.R. Civ. P. 56 (h)(4). "The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment." Id.

By using the term "may," Rule 56 (h)(4) allows a court to use discretion as to whether it will allow a statement not supported by a specific record citation. In this case, FedEx submitted Foster's amended affidavit for the sole reason of demonstrating that Foster's statements were based on personal knowledge. The substance of the affidavit did not change, and the Court has no need to independently search the record to find support for the facts offered by FedEx,

5

something it is not permitted to do. See M.R. Civ. P. 56 (h)(4); Levine, 2001 ME 77, ¶ 9, 770 A.2d 653. Accordingly, the Court will allow the amended affidavit to replace the original affidavit and will not disregard FedEx's Statement of Material Facts because the record cites are to the original affidavit. The plaintiff's Motion to Strike is, therefore, denied.

## II. FedEx's Motion for Summary Judgment

A moving party is entitled to summary judgment if the evidence demonstrates that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. M.R. Civ. P. 56 (c); In Re Estate of Davis, 2001 ME 106, ¶ 7, 775 A.2d 1127, 1129. "To survive a defendant's motion for summary judgment, a plaintiff must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law." Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560, 562 (citation omitted). "A fact is material when it has the potential to affect the outcome of the suit." Id. (citation omitted). "An issue is genuine if sufficient evidence supporting the claimed factual dispute exists to require a choice between the parties' differing versions of the truth at trial." Id. (citation omitted).

Because it is considered an air carrier, FedEx argues that all of Zorn's claims fall under Title 49 U.S.C. section 41713, the Airline Deregulation Act, and that it is not liable under state law. Title 49 U.S.C. section 41713 states, in relevant part:

> [e]xcept as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law *related to a price, route or service* of an air carrier that may provide air transportation.

6

49 U.S.C. § 41713 (b)(1) (emphasis supplied).

## A. Unfair Trade Practices Act and Negligence Claims

Zorn claims, in Count III of the complaint, that FedEx violated the Maine Unfair Trade Practices Act ("UTPA"), Title 5 M.R.S.A. sections 205-A through 214, by representing that its employees would inspect the checks, and that if there were problems with the checks, it would not accept them. FedEx argues that this claim is preempted by federal law, and Zorn concedes this assertion. FedEx's Motion for Summary Judgment is, therefore, allowed as to Zorn's UTPA claim.

In Count I of the complaint, Zorn claims that FedEx was negligent in failing to inspect the cashier's checks, failing to insist that the named recipient sign for the watches, and accepting checks that were invalid on their face, or whose invalidity FedEx would have discovered if it had exercised reasonable care. FedEx argues that this claim is also preempted by federal law.

Zorn disagrees and contends that his negligence claims are not preempted by federal law. Although Zorn's negligence claim is based on the same underlying conduct as is his contract claim, which is not preempted,[5] his negligence claim "relates to" FedEx's services and is therefore preempted by the Airline Deregulation Act. The term "relates to," as used in the Airline Deregulation Act, is far-reaching and comprehensive. In Morales v. TransWorld Airlines, 504 U.S. 374, 384 (1992), the Supreme Court held that the ordinary meaning of the words "relating to" is a

---

[5] See infra Section II.B

7

broad one, and therefore the statute has a "broad pre-emptive purpose." Id. at 383.

Thus, State actions having a connection with or reference to airline "rates, routes or

services" are preempted.

In his negligence claim, Zorn makes three individual assertions: (1) FedEx

was negligent when it failed to inspect the cashier's checks; (2) FedEx was negligent

when it failed to insist that the named recipient sign for the watches; and (3) FedEx

was negligent when it accepted checks that were invalid on their face, or whose

invalidity FedEx would have discovered had it exercised reasonable care. All three

of these assertions concern either the delivery of the watches or the acceptance of the

cashier's checks, two of the four requisite steps of FedEx's C.O.D. service.[6] Zorn's

negligence claim is, therefore, "related to" FedEx's services.

Zorn contends that his negligence claim falls under that class of actions the

Morales Court deemed "too tenuous, remote, or peripheral in manner" to "relate

to" the price, route, or service of an air carrier. The Morales Court specifically

addressed the types of cases to which it was referring:

> we do not . . . set out on a road that leads to pre-emption of state laws
> against gambling and prostitution as applied to airlines. Nor need we
> address whether state regulation of the non-price aspects of fare advertising

---

6 FedEx's C.O.D. service has four steps:

(1) the shipper entrusting the good(s) to FedEx;
(2) FedEx carrying the good(s) to the recipient;
(3) FedEx collecting the payment instrument from the recipient;
(4) FedEx delivering the payment instrument to the shipper.

See FEDERAL EXPRESS SERVICE GUIDE 99.

(for example, state laws preventing obscene depictions) would similarly "relate to" rates; the connection would obviously be far more tenuous. ... "[S]ome state actions may affect airline fares in too tenuous, remote, or peripheral a manner" to have pre-emptive effect.

Morales, 504 U.S. at 390 (quoting Shaw v. Delta Air Lines, 463 U.S. 85 (1983)). Zorn's claims are not so remotely related to FedEx's services that they are not preempted by federal law. As discussed above, his claims concern the very acts that comprise the C.O.D. service and are, therefore, "related to" the C.O.D. service. FedEx's Motion for Summary Judgment on Zorn's negligence claim is allowed.

**B. Breach of Contract Claim**

Zorn claims that FedEx breached its contract by failing to secure payment for the watches by obtaining either a valid certified cashier's check or money order, as it promised it would do.

In American Airlines v. Wolens, 513 U.S. 219 (1995), the Supreme Court held that while States cannot impose their own substantive standards on air carriers with respect to "rates, routes, or services" under Title 49, section 41713 (b) of the United States Code, they are not prevented "from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated."[7] Wolens, 513

---

7   Zorn argues that the Cummins or Carmack Amendments may apply in this case because it is not certain that the packages were shipped by air. This argument has no merit. The Airline Deregulation Act specifically provides that it applies to air carriers regardless of whether the packages were transported by air.

[A] State . . . may not enact or enforce a law, regulation, or other provision having the force and     effect of law . . . *related to a price, route or service of an   air carrier . . . when such carrier is     transporting*

9

U.S. at 232-233. "This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." Id. at 233.

In his complaint, Zorn claims that FedEx breached its contract by failing to secure payment for the watches by obtaining either a valid certified cashier's check or money order. As in Wolens, Zorn is not alleging a violation of state-imposed obligations, but rather contends that FedEx breached a self-imposed undertaking. Thus, Zorn's breach of contract claim is not preempted by federal law, and the terms of the contract control. In evaluating this claim, however, the Court must heed its limits. State courts may not enlarge or enhance the parties' bargain based on state laws or policies external to the agreement.

Zorn has conceded that by signing the Airbill, he entered into a contract with FedEx. The Airbill specifically incorporated the terms in the FedEx Service Guide, which defines the C.O.D. service as the "carriage of goods to the *recipient*, collection of the payment instrument issued by or on behalf of the recipient and made payable to the shipper and delivery of the payment instrument to the shipper of the goods." FEDERAL EXPRESS SERVICE GUIDE 99 (emphasis supplied).

FedEx has conceded that the term "recipient" means the person named on the

_____

*property by aircraft or by motor vehicle (whether or not such property has had or will have prior or subsequent air movement).*

49 U.S.C. § 41713 (b)(4)(A) (emphasis supplied).

10

Airbill as the recipient, and agrees that by delivering the package to someone other than the named recipient, it breached the contract. The only remaining issue, therefore, is the extent of FedEx's liability.

Under the Service Guide, "if no value is declared [by the shipper] on the C.O.D. Airbill, the declared value and [FedEx's] maximum liability will be the lesser of the C.O.D. Amount or $100." Id. Zorn did not enter a "Total Declared Value" amount for either of the two shipments. He claims he was unaware of the requirement that he declare a value amount for each watch, and argues that the Court should apply the "released valuation" doctrine. Under the "released valuation" doctrine, a carrier is allowed to limit its liability in exchange for charging a lower rate, as long as the shipper has reasonable notice of the carrier's rate structure and is given a fair opportunity to pay a correspondingly greater or lesser rate in exchange for more or less protection. See Deiro v. American Airlines, Inc., 816 F.2d 1360, 1365 (9th Cir. 1987).

No fair reading of the Airbill can support Zorn's claim that he was not put on notice that there was an opportunity to pay a greater or lesser rate in exchange for more or less protection. The Airbill clearly states:

> [FedEx] will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, misinformation, failure to collect the C.O.D. Amount, failure to collect an instrument specified, or collection of an instrument in the wrong amount, unless you declare a higher value, pay an additional charge, file a timely claim and document your actual loss. (emphasis supplied).

Despite this language on the Airbill, Zorn failed to declare a value for either of the watches. FedEx's liability, therefore, is limited to $100 per watch, as long as Zorn

11

filed a timely claim with FedEx.

The docket entry is:

The plaintiff's Motion to Strike is denied. The defendant's Motion for Summary Judgment is granted as to the negligence and Unfair Trade Practices claims. The defendant's Motion for Summary Judgment is granted as to Zorn's breach of contract claim, except as to the $100 per watch limit on liability.

Dated in Portland, Maine this 15th day of October, 2001

_____
Robert E. Crowley
Justice, Superior Court

Date Filed __07-03-00__ __CUMBERLAND__ Docket No. __CV 00-415__
County

Action ___DAMAGES___

MANFRED ZORN                                    FDX, INC.

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| WILLIAM D. ROBITZEK, ESQ 784-3576<br>PO BOX 961, LEWISTON ME 04243 | John W. McCarthy Esq.<br> 84 Harlow St, Bangor ME  04401<br><br>KIMBERLY J. QUALLS, ESQ. (PRO HAC VICE)<br>FEDERAL EXPRESS CORP. LEGAL DEPT. -LIT<br>3620 HACKS CROSS ROAD, 3rd FL, BLDG B<br>MEMPHIS TN 38125<br>901-434-8519<br>AND<br>TIMOTHY GINN ESQ. (PRO HAC VICE) |

| Date of Entry | |
|---|---|
| 2000<br>July 05 | Received  06-27-00:<br>Summons filed showing officer's return of service on 06-20-00<br>upon FDX, INC. to Anthony Farides, Agent. |
| "      " | Received 07-03-00:<br>Complaint Summary Sheet filed. |
| "      " | Complaint filed. |
| July 20 | Received 7-20-00<br>Defendant FEDEX answer and affirmative defenses. filed. |
| July 24 | Received 7-24-00.<br>Defendant's motion for admission Pro Hac Vice, of Kimberly J. Qualls, Esq.<br>filed. |
| July 27 | On 7-24-00.<br>As to Defendant's Motion for Admission, Pro Hac Vice, of Kimberly J.<br>Qualls, Esq.:<br>IT IS HEREBY ORDERED that the defendant's motion for admission, pro hac<br>vice, of Kimberly J. Qualls, Esq. in the above-captioned matter is GRANTED.<br>(Crowley, J.)<br>Copies mailed William Robitzek, Esq. and John McCarthy, Esq. on 7-27-00. |
| Aug 10 | Received 7-26-00.<br>Scheduling Order, filed. (Crowley, J.)<br>    Scheduling Order filed.  Discovery deadline is March 26, 2001.<br>Copies mailed William Robitzek, Esq. and John McCarthy, Esq. on 8-10-00. |
| Aug. 21 | Received 08-21-00:<br>$300.00 Jury Fee PAID. |
| Aug. 29 | Received 8-29-00.<br>Plaintiff's Consented to Motion to Amend Complaint filed. |
| """" | Plaintiff's Amended Complaint filed. |