STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-14-99

STEPHEN J. BUSHEY )
)
Plaintiff, )
)
v. )
)
BERLIN CITY OF PORTLAND, INC. )
)
Defendant. )

STATE OF MAINE
Cumberland, ss, Clerk's Office

JAN 26 2016

RECEIVED

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND III OF PLAINTIFF'S COMPLAINT

Defendant Berlin City of Portland, Inc. has moved for summary judgment on Plaintiff Stephen J. Bushey's claims against Defendant for negligence (Count I) and negligent entrustment (Count III).

Based on the entire record, Defendant's motion for summary judgment is granted as to Count I and denied as to Count III.

### I. Background

The following facts are derived from the pleadings and the order on Defendant prior motion for summary judgment and are not in dispute for the purposes of this motion for summary judgment.

Defendant is a car dealership located in South Portland, Maine. (Compl. ¶ 2.); (6/19/15 Order on Def. 1st Mot. Summ. J. 2.) At all relevant times, Mr. David Spiller was employed as Defendant's used car manager. (6/19/15 Order on Def. 1st Mot. Summ. J. 2.) As its used car manager, Defendant permitted Mr. Spiller to drive demonstrator vehicles. (*Id.*) A "demonstrator" vehicle is a used vehicle owned by Defendant from its inventory. (*Id.*) Defendant allowed certain employees use demonstrator vehicles as a benefit to those employees and for other business reasons. (*Id.*)

1

On the evening Friday, July 22, 2011, Mr. Spiller left work with a demonstrator vehicle, a Lexus sedan. (*Id.*) Later that night, Mr. Spiller met Mr. Jeffery Martin and Plaintiff Stephen J. Bushey at a bar in Westbrook, Maine. (*Id.* at 1-2.) Mr. Spiller, Mr. Martin, and Plaintiff ordered food and drinks at the bar. (*Id.* at 2.)

At approximately 11:00pm, Mr. Spiller, Mr. Martin, and Plaintiff left the bar in the demonstrator vehicle. (*Id.* at 3.) Mr. Spiller was driving the demonstrator vehicle. (*Id.* at 1.) Mr. Martin and Plaintiff were both passengers. (*Id.* at 1-2.) While driving to Mr. Spiller's home, the demonstrator vehicle was involved in a single-car accident. (*Id.* at 1, 3.) Mr. Spiller admits that he was driving well over the speed limit when the accident occurred, but denies that he was intoxicated. (*Id.* at 3.) There is no dispute between the parties that Mr. Spiller's negligent operation of the demonstrator vehicle caused the accident. (*Id.* at 2.) Plaintiff Stephen J. Bushey suffered injuries as a result of the accident. (*Id.* at 1.)

On March 6, 2014, Plaintiff brought a three-count complaint against Defendant Berlin City of Portland, Inc. for negligence, respondeat superior liability, and negligent entrustment. (Compl. ¶¶ 4-11.) On March 17, 2015, Defendant filed its first motion for summary judgment. (Def. 1st Mot. Summ. J. 1.) Defendant's motion argued that it was not vicariously liable for its employee's negligence. (*Id.*) Plaintiff filed a timely opposition. (Pl. Opp'n to Def. 1st Mot. Summ. J. 1.) On June 19, 2015, the court granted Defendant's motion for summary judgment, finding that Mr. Spiller was not acting within the scope of his employment at the time of the accident. (6/19/15 Order on Def. 1st Mot. Summ. J. 7.) However, Defendant's motion did not address which of the Plaintiff's claims it was addressed to. (*Id.* at 4 n.3.) Accordingly, the court construed Defendant's motion as limited only to Count II of Plaintiff's complaint for respondeat superior. (*Id.*) Thus, Count I and Count III remained pending. (*Id.* at 7.)

2

Defendant filed its second motion for summary judgment on Count I and Count III of Plaintiff's complaint on September 22, 2015. (Def. 2d Mot. Summ. J. 1.) Plaintiff filed a timely opposition to summary judgment on October 13, 2015.[1] (Pl. Opp'n to Def. 2d Mot. Summ. J. 1.) Defendant filed a reply brief on November 2, 2015.[2] (Def. Reply to Pl. Opp'n to Def. 2d Mot. Summ. J. 1.)

## II. *Analysis*

### A.   Standard of Review

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the [fact finder] must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

If the moving party's motion for summary judgment is properly supported, the burden shifts to the non-moving party to respond with specific facts indicating a genuine issue for trial

---

[1] Plaintiff argues that Defendant's second motion for summary judgment is an improper motion for reconsideration, and that the court should deny the motion on that basis alone. (Pl. Opp'n to Def. 2d Mot. Summ. J. 2); *See* M.R. Civ. P. 7(b)(5). This argument has no merit. First, Plaintiff's second motion for summary judgment does not ask the court to reconsider the prior order granting summary judgment on Count II. Therefore, it is not a motion for reconsideration. Second, there is no Maine Rule of Civil Procedure that prohibits a party for filing a second motion for summary judgment. Rule 56 simply states that a defendant may move for summary judgment "at any time, but within such time as not to delay trial." M.R. Civ. P. 56(b). Third, courts have previously permitted parties to file a second motion for summary judgment. *See HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 5, 19 A.3d 815; *Paschal v. City of Bangor*, 2000 ME 50, ¶¶ 7-8, 747 A.2d 1194.

[2] Defendant's reply brief was untimely. M.R. Civ. P. 7(e). Additionally, Defendant failed to file a reply to Plaintiff's additional statement of material facts submitted in support of Plaintiff's opposition to summary judgment. Accordingly, Plaintiff's additional statements of material fact are deemed admitted. M.R. Civ. P. 56(h)(4).

in order to avoid summary judgment. M.R. Civ. P. 56(e). "To withstand a motion for summary judgment, the plaintiff must establish a prima facie case for each element of their cause of action." *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897 (internal citation and quotation marks omitted). If a plaintiff fails to present sufficient evidence on the essential elements, then the defendant is entitled to a summary judgment. *Id.*

Even if one party's version of the facts appears more credible and persuasive, any genuine issue of material fact must be resolved by the fact finder, regardless of the likelihood of success. *Estate of Lewis v. Concord Gen. Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. If the facts are capable of supporting conflicting, yet plausible, inferences and capable of leading a rational fact finder to different outcomes, the choice between those inferences and outcomes is not for the court to decide on summary judgment. *Id.*

B. Whether there is a genuine issue of material fact regarding Plaintiff's negligence claim.

Count I of Plaintiff's complaint is a claim for negligence against Defendant. (Compl. ¶¶ 4-7.) "A cause of action for negligence has four elements: (1) a duty of care owed to the plaintiff; (2) a breach of that duty; (3) an injury; and (4) causation, that is, a finding that the breach of the duty of care was a cause of the injury." *Estate of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 16, 60 A.3d 759. Whether a defendant breached their duty of care, causation, and the existence of injury or damages are questions of fact left to the fact finder. *Id.* ¶ 17. The existence of a duty, however, is a question of law for the court. *Id.* Summary judgment is an appropriate device for isolating dispositive questions of law. *Magno v. Town of Freeport*, 486 A.2d 137, 141 (Me. 1985).

In its motion for summary judgment, Defendant argues that Count I of Plaintiff's complaint asserts "no independent factual or legal basis for a claim" of negligence. (Def. 2d

4

Mot. Summ. J. 2.) According to Defendant, Plaintiff's negligence claim simply re-alleges that Defendant negligently entrusted its vehicle to Mr. Spiller. (*Id.*)

In response, Plaintiff argues there is an independent basis for its negligence claim, for which there is a genuine issue of material fact. (Pl. Opp'n to Def. 2d Mot. Summ. J. 2.) According to Plaintiff, Count I of its complaint addresses Defendant's duty to protect the public from unsafe operation of its vehicles, which is independent of its duty to prevent harm when entrusting vehicles to its employees. (*Id.* at 2-3.) Plaintiff argues that Defendant was negligent in its policies and procedures that governed use of the demonstrator vehicles. (*Id.* at 3.) Plaintiff asserts that Defendant did not prohibit employees from consuming alcohol while using the demonstrator vehicles; that Defendant did not enforce its policy prohibiting speeding while using demonstrator vehicles; and that Defendant did not preform background checks of its employees. (Pl. Add'l S.M.F. ¶¶ 13, 21, 26, 32-34, 40-41.) Plaintiff argues that the absence of these policies and procedures governing the use of demonstrator vehicles was a direct and proximate cause of Plaintiff's injury. (Pl. Opp'n to Def. 2d Mot. Summ. J. 3.)

Plaintiff is essentially arguing that Defendant had a duty to the public to use reasonable care to prevent its employees from engaging in dangerous operation of motor vehicles, which is independent of and separate from Defendant's duty to prevent harm when entrusting its vehicles to its employees. In *Trusiani*, the Law Court specifically held, "An employer is not responsible for gathering information about its employees' personal lives and closely monitoring their behavior to insure that nothing at work converging with those habits could cause harm to third parties." *Trusiani v. Cumberland & York Distribs., Inc.*, 538 A.2d 258, 262 (Me. 1988). Defendant had no duty to monitor its employees' alcohol consumption or their driving habits when acting outside the scope of their employment or gather information on their backgrounds. Thus, Defendant did not owe Plaintiff the type of duty that Plaintiff seeks

to impose. In other words, the sole duty owed by Defendant relevant to these facts and circumstances was the duty to use reasonable care in entrusting its vehicles to employees for their personal use—the duty on which Plaintiff's negligent entrustment claim in Count III of his complaint rests. Therefore, to the extent Count I is based on a separate duty of care, there is no such duty and Defendant is entitled to summary judgment on Plaintiff's independent negligence claim.

C.     <u>Whether there is a genuine issue of fact regarding Plaintiff's negligent entrustment claim.</u>

Count III of Plaintiff's complaint asserts a claim for negligent entrustment of a vehicle. (Compl. ¶¶ 10-11.) The Law Court has recognized negligent entrustment of a vehicle as a tort under Maine law. *Pelletier v. Mellon Bank, N.A.*, 485 A.2d 1002, 1004 n.5 (Me. 1985) (citing *Sweet v. Austin*, 158 Me. 90, 179 A.2d 302 (1962)). However, the Law Court has not articulated its elements. *Yunker v. Iverson*, CUMSC-CV-95-413, 1997 Me. Super. LEXIS 197, *3 (Me. Super. Ct. July 1, 1997).

Decisions of this Court establish the elements of a plaintiff's proof on a claim of negligent entrustment of a vehicle to be: (1) the driver was incompetent, inexperienced, or reckless; (2) the defendant knew or had reason to know of the driver's incompetence, inexperience, or recklessness; (3) the defendant entrusted the driver with the vehicle; (4) defendant's entrustment created an appreciable risk of the harm to the plaintiff, and (5) the plaintiff's injuries were proximately caused by the defendant's negligent entrustment. *McGinley v. Liberty Ins. Holdings*, CUMSC-CV-11-108, 2012 Me. Super. LEXIS 60, *5-6 (Me. Super. Ct. May 3, 2012); *Roussel v. Lucas*, CUMSC-CV-06-526, 2007 Me. Super. LEXIS 13, *4 (Me. Super. Ct. Jan. 19, 2007); *Yunker*, 1997 Me. Super. LEXIS 197 at *6.

In its motion for summary judgment, Defendant argues Plaintiff cannot prove the first two elements of its claim. (Def. 2d Mot. Summ. J. 4.) Plaintiff argues that there is no evidence

6

that Mr. Spiller was an unsafe driver or that Defendant knew or had reason to know Mr. Spiller was an unsafe driver. (*Id.*) In support of its motion, Defendant asserts that, at the time of the accident, Mr. Spiller was 36 years old; Mr. Spiller's driving record showed that he had received violation free credits on his driving record in eight of the last ten years preceding the accident; and that Mr. Spiller was convicted of only one moving violation, a speeding ticket in August 2008, in the last ten years. (Supp. S.M.F. ¶¶ 3-5).

In opposition to Defendant's motion for summary judgment, Plaintiff asserts the following additional facts: since 1991, Mr. Spiller has had at least eight prior convictions for speeding; Mr. Spiller has been involved in at least two prior accidents; Mr. Spiller informed Defendant in his job application that he was arrested for, but not convicted of, operating under the influence in September 2000; and, in August 2008, Mr. Spiller received a summons for driving 94 miles per hour in a 65 miles per hour zone. (Pl. Add'l S.M.F. ¶¶ 71-73, 83.)

Plaintiff also asserts that Mr. Spiller believed Defendant would review his driving record before hiring him; that Defendant did not question Mr. Spiller about his driving record or his arrest for operating under the influence during his interview; and that Defendant's general manager did not know whether Defendant ever obtained Mr. Spiller's driving record (*Id.* ¶¶ 25, 40, 70, 84.) Plaintiff argues that these facts are prima facie evidence that Mr. Spiller was "incompetent, inexperienced, or reckless," and that Defendant was aware or should have been aware of Mr. Spiller's incompetence, inexperience, or recklessness in order to generate a genuine issue of material fact for trial. (Pl. Opp'n to Def. Mot. Summ. J. 5-6.)

In the case of *McGinely*, the driver had no violations in the five years prior to the accident, had received one ticket for driving the wrong way on a one-way street thirteen to fourteen years prior the accident, had received a warning for speeding when she was seventeen, and was involved in an one prior accident fourteen years before. *McGinley*, 2012 Me. Super.

7

LEXIS 60 at *2. The court held that these facts did not indicate the driver was incompetent, inexperienced, or reckless and were insufficient to create a genuine issue of fact for trial. *Id.* at *6. In contrast, in *Yunker*, the driver was twenty years old, had been arrested over a year before the accident for possession of hallucinogenic mushrooms and marijuana, admitted to occasionally operating a vehicle while under the influence of marijuana, had once slid off the road during a snowstorm, and had previously received two speeding tickets. *Yunker*, 1997 Me. Super. LEXIS 197 at *7. The court held that these facts, although not extraordinary, created a genuine issue of material fact for trial regarding whether the driver was incompetent, inexperienced, or reckless. *Id.* at *8.

In the present case, the facts asserted by Plaintiff indicate that Mr. Spiller's driving record contains more than a few minor incidents like in *McGinley*. Although the facts asserted by Plaintiff are not extraordinary, like in *Yunker*, they are sufficient to generate a genuine issue material fact for trial regarding whether the driver was incompetent, inexperienced, or reckless.

Furthermore, because Plaintiff asserts that Mr. Spiller believed Defendant would review his driving record, that Mr. Spiller informed Defendant about his arrest for operating under the influence, that Defendant did not question Mr. Spiller about his driving record or his arrest, and there is no evidence that Defendants ever obtained Mr. Spiller's driving record, there is a genuine issue of material fact whether Defendant knew or had reason to know Mr. Spiller was incompetent, inexperienced, or reckless.

Therefore, Plaintiff has presented sufficient material facts to avoid summary judgment on his claim for negligent entrustment.

### III. *Conclusion*

It is hereby ORDERED AND ADJUDGED AS FOLLOWS:

8

Defendant Berlin City of Portland, Inc.'s motion for summary judgment on Count I and Count III of Plaintiff's complaint is granted in part and denied in part. Summary judgment is granted on Count I, Plaintiff's claim for negligence. Summary judgment is denied on Count III, Plaintiff's claim for negligent entrustment.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated January 25, 2016

A.M. Horton
Justice, Superior Court

9



STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-14-99

STEPHEN J. BUSHEY,

    Plaintiff

    v.

BERLIN CITY OF PORTLAND, INC.

    Defendant

ORDER ON MOTION
FOR SUMMARY
JUDGMENT

STATE OF MAINE
Cumberland, ss. Clerk's Office

JUN 19 2015

RECEIVED

Before the court is the defendant's motion for summary judgment. Plaintiff suffered injuries as a result of a car accident while riding in a car owned by defendant and driven by one of defendant's employees. Plaintiff's complaint alleges three theories of liability: negligence (count I), respondeat superior (count II), and negligent entrustment (count III). Defendant has moved for summary judgment, arguing that it is not vicariously liable for its employee's negligence as a matter of law. For the following reasons, defendant is granted summary judgment on count II of plaintiff's complaint.

## FACTS

The following facts are supported by the record and presented in a light most favorable to plaintiff as the non-moving party.[1] Plaintiff Stephen Bushey suffered personal injuries as a result of a single-car accident on July 22, 2011 in Gorham. (Def.'s Supp. S.M.F. ¶ 1.) At the time of the accident, David Spiller was driving the car, a Lexus sedan, while plaintiff and Jeffrey Martin were

---

1 Plaintiff's well-supported additional facts are all admitted because defendant has failed to file a reply statement of material facts. M.R. Civ. P. 56(h)(4).

passengers. (Def.'s Supp. S.M.F. ¶¶ 2-3.) Defendant Berlin City owned the Lexus and David Spiller was an employee of Berlin City. (Def.'s Supp. S.M.F. ¶¶ 2, 5.) There is no dispute that the accident was caused by Spiller's negligent operation of the Lexus. (Def.'s Supp. S.M.F. ¶ 4, as qualified.)

As the used car manager at Berlin City, Spiller was allowed to drive a "demonstrator" vehicle—one of the used vehicles the dealership had in its inventory. (Def.'s Supp. S.M.F. ¶¶ 5-6.) Berlin City allowed certain employees to use demonstrator vehicles as a benefit to those employees and also for business reasons. (Def.'s Supp. S.M.F. ¶ 6, as qualified) Part of Spiller's job was to test used vehicles and make sure that they did not have any mechanical problems. (Pl.'s Add. S.M.F. ¶¶ 9-11.)

On Friday July 22, 2011, Spiller clocked out of work at 6:26pm and drove home in the Lexus. (Def.'s Supp. S.M.F. ¶¶ 13-14.) Spiller took the Lexus that weekend in part to inspect it for mechanical defects and in part because he wanted to drive a nice car for the weekend. (Pl.'s Add. S.M.F. ¶ 68.) On his way home, Martin invited Spiller to have drinks with Martin and plaintiff at Thatcher's in Westbrook. (Def.'s Supp. S.M.F. ¶ 16.) Spiller went home to shower and change and then drove to Thatcher's to meet his two friends. (Def.'s Supp. S.M.F. ¶ 17.) The three friends ordered food and drinks at the bar.[2] (Def.'s Supp. S.M.F. ¶ 18.)

While at Thatcher's, Spiller showed off the Lexus to waitresses and other customers. (Pl.'s Add. S.M.F. ¶¶ 2-3.) According to Martin, Spiller was

2 The amount of alcohol Spiller consumed is not in the summary judgment record.

2

promoting Berlin City's business generally and telling everyone he met there that he was a salesman. (Pl.'s Add. S.M.F. ¶¶ 4, 6.)

Around 11:00 pm, Spiller, Martin, and plaintiff left Thatcher's in the Lexus. (Def.'s Supp. S.M.F. ¶ 19.) The plan was for Spiller to drive Martin and plaintiff to his house and then the three friends would make a plan for the rest of the night. (Pl.'s Add. S.M.F. ¶ 85.) The accident occurred while Spiller was driving to his house from Thatcher's. (Def.'s Supp. S.M.F. ¶¶ 20.) Spiller admits that he was driving well over the speed limit when he crashed. (Pl.'s Add. S.M.F. ¶ 51.) He denies that he was intoxicated. (Pl.'s Add. S.M.F. ¶ 50.)

Berlin City's only alcohol policy regarding demonstrator vehicles is that an employee cannot be intoxicated while driving a demonstrator. (Pl.'s Add. S.M.F. ¶¶ 13, 30.) Berlin City fired an employee in July 2009 because he was convicted of OUI. (Pl.'s Add. S.M.F. ¶ 20.) Speeding violates the company's demonstrator policy, but Berlin City leaves it up to its insurer to decide whether an employee is too much of a risk to drive a demonstrator as a result of a speeding violation. (Pl.'s Add. S.M.F. ¶ 32.)

Eric Johnson interviewed Spiller before he was hired by Berlin City. (Pl.'s Add. S.M.F. ¶ 25.) He is not sure whether Berlin City obtained Spiller's driving record before he was hired. (Pl.'s Add. S.M.F. ¶ 25.) Berlin City did not perform background checks on employees at the time it hired Spiller. (Pl.'s Add. S.M.F. ¶ 26.)

Since 1991, Spiller has had multiple speeding convictions. (Pl.'s Add. S.M.F. ¶ 71.) In August 2008, Spiller received a summons for driving 94 mph in a 65 mph zone. (Pl.'s Add. S.M.F. ¶ 73.) Spiller was arrested for OUI in September of 2000 but was not convicted. (Pl.'s Add. S.M.F. ¶ 83.)

3

## 1. Standard of Review

"Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Dussault v. RRE Coach Lantern Holdings, LLC*, 2014 ME 8, ¶ 12, 86 A.3d 52 (quoting *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *McIlroy v. Gibson's Apple Orchard*, 2012 ME 59, ¶ 7, 43 A.3d 948 (quoting *N. E. Ins. Co. v. Young*, 2011 ME 89, ¶ 17, 26 A.3d 794). "Even when one party's version of the facts appears more credible and persuasive to the court, any genuine factual dispute must be resolved through fact-finding, regardless of the nonmoving party's likelihood of success." *Lewis v. Concord Gen. Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. "To survive a defendant's motion for a summary judgment, the plaintiff must establish a prima facie case for each element of her cause of action." *Lougee Conservancy v. CitiMortgage, Inc.*, 2012 ME 103, ¶ 12, 48 A.3d 774 (quoting *Bonin v. Crepeau*, 2005 ME 59, ¶ 8, 873 A.2d 346).

## 2. Respondeat Superior (Count II)

Defendant's motion is limited to whether it can be held vicariously liable for Spiller's negligence.[3] Maine follows the Restatement on questions of vicarious liability. *Spencer v. V.I.P., Inc.*, 2006 ME 120, ¶ 6, 910 A.2d 366. An

---

3 Defendant does not make any arguments regarding whether it was directly negligent (count I) or on plaintiff's negligent entrustment theory (count III). Accordingly, the court construes defendant's motion as limited to count II of plaintiff's complaint.

4

employer is liable "only if its employee's action occurred within the scope of employment." *Id.* Under the Restatement, 'an employee's action occurs within the scope of employment if (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated at least in part by a purpose to serve the master.'" *Id.* (quoting Restatement (Second) of Agency § 228(1) (1958)). In *Spencer*, the court held that an employer could be held liable for an employee's negligent driving where the employee was driving home after working at an event for the employer. *Id.* ¶¶ 7-9.

While the court can find no Maine decisions that address vicarious liability in the context of the use of a demonstrator vehicle, other jurisdictions have addressed the issue. In *Hale v. Spitzer Dodge, Inc.*, a car salesperson was driving a demonstrator on his day off from work when he collided with another car. *Hale v. Spitzer Dodge, Inc.*, 2006 Ohio App. LEXIS 3246, at *2-3 (Ohio Ct. App. 2006). The car had a dealer plate on the back, the dealer's logo on the front, and a price sticker in the window. *Id.* at *3. There was evidence that the salesperson was always looking for sales opportunities while driving a demonstrator, the demonstrators were good advertising for the dealership, and they were also an employee benefit. *Id.* at *3-4. The court held that, despite the incidental benefits to the employer from allowing employees to use the demonstrators, the salesperson's conduct "was outside the scope of his employment at the time of the accident." *Id.* at *18.

Other courts have likewise concluded that, while a salesperson is driving a demonstrator vehicle for personal use, the employer is not liable for that employee's negligence. *See Easterling v. Man-O-War Auto., Inc.*, 223 S.W.3d 852,

5

856 (Ky. Ct. App. 2007); *State ex rel. City Motor Co. v. District Court*, 530 P.2d 486, 489 (Mont. 1974); *Di Ferdinando v. Katzman*, 1998 Del. Super. LEXIS 19, at *5 (Del. Super. Ct. 1988). In cases where the court concluded the employer could be held liable, there are some facts that establish the employee was in some way serving the employer's interests. *See Pfender v. Torres*, 765 A.2d 208 (N.J. Super. Ct. 2001) (employee was driving to work at time of accident and was required to use the car in the performance of employment); *see also Spencer*, 2006 ME 120, ¶ 9, 910 A.2d 366 (employee's travel was necessary for employee to assist employer in setting up for an event).

In this case, there is no evidence that at the time of the accident Spiller was serving the interests of Berlin City. The evidence shows without dispute of fact that Spiller was driving home with his two friends from the bar around 11:00pm. There is no evidence that he was attempting to sell one of his two friends the car or that he was going to show the car to anyone else that evening.

Plaintiff argues that there is evidence that Spiller was showing the car off to people at Thatcher's and was generally promoting Berlin City's business at the bar. Accepting these facts as true, these types of interactions are an incidental benefit of allowing employees to use a demonstrator vehicle and are insufficient on their own to generate an issue of material fact that Spiller was working within the scope of employment when he was driving home from the bar where he happened to show the car to bar patrons. There is no evidence that Berlin City required or encouraged its employees to go to bars or restaurants to sell cars and

6

there is no evidence that Spiller had any plan to meet a prospective buyer that night. Berlin City is entitled to judgment on count II of plaintiff's complaint.[4]

## CONCLUSION

Plaintiff has failed to generate a genuine issue of material fact that Spiller was working within the scope of his employment at the time of the accident. Accordingly, defendant is entitled to summary judgment on count II of the complaint. Because counts I and III of the complaint are not based on vicarious liability, defendant is not entitled to judgment on those counts.

The entry is:

> Defendant's motion for summary judgment is granted on count II of plaintiff's complaint.
> Counts I and III of plaintiff's complaint remain and will proceed according to this court's scheduling order.

Date: 4|19|15

Joyce A. Wheeler
Active Retired Justice, Superior Court

Plaintiff-Peter Clifford Esq
Defendant-Martica Douglas Esq

---

4 Plaintiff's argument that 29-A M.R.S. § 904 and 29-A M.R.S. § 1653 apply to Berlin City is not persuasive and is adequately addressed by the court's opinion.

7